# FILED

## MAY 0 5 2008

**RICHARD W. WIEKING**
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

17796939
CV-08- 1982 SI
Motion to Change
Vinues

United States Northern District court

George Martha
v.
Immigration custom
Enforcement.

SF Case 157784

## RECEIVED

MAY 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Your Honor

Santa Clara County Jail is in for Northern District. 8th Floor Mental Ward. I am mentaly sick with know one in Eloy Az. "Hardship" My mom is sick. Brain tumors. (ICE) Has a contract in the above housing unit. I served 8 Months there with (INS) during the 2 years or so of detention shouldn't that be considered credit time served. Under 18 U.S.C. 3521 you cold order my Release Now For helpping the congress convict a person that made threats to a congress person. RE: 1998 USCongresswoman of SF. RE: F.B.I Johnny Taylor Jr. It's not mandatory detention in my case.

I'm on High ~~Comtol~~ control Parole and have bed space at Project 90 HaIF way house I am Alumni call AL Hasbert counslor at P.90 Also Brother oF Actor oF Denis Hasbert. Also my Best Friend. (650) 207 8158 cell# work 650-579-7157 Ext 222 SEE certiFicate.

My only copy No Access to copy Machine oF cancelled Hold last year.

Read detainer states Jordan.

Now it's ISRAEl. Both to which Already denied me Entery oF there cotten picking country. Your Howor I'm tired I can't take it Much longer.

They are obstruting Justice by not Allowing me to copy my writ oF ERROR coram Nobis. I'm done.

Please Move My Body to Santa Clara or Release me on O.R. I am Innocent.

A copy oF coram Nobis. with out Briefs or Exhibits. Read it. I can't get true copy to Superior cort. This is Illegal detention I beg For Release or TRANFered.

I declare under Penalty of Perjury that the Forgoing is true and correct.

A- 17796939
CV- 08- 1982

① true copy to U.S. Northern. District court.
Svsan ILLSTON the Judge.

served to

450 Golden Gate Ave

SF Ca. 94102

SERVED

copy of EXHibit.
WRit OF coram Nobis.

THE PEOPLE, Plaintiff and Respondent, v. George Martha, Defendant and Appellant

CRIM, NO. 157784

PRIOR History superior court of the city and county of SAN, Francisco, NO. 157784 LENARd, D. Louie, Judge

Criminal LAW and Procedure → Postconviction Proceedings → Coram Nobis.

[HN8] A writ of error coram nobis is granted when three requirements are met: (1) the petitioner has shown that some Fact existed which, without Fault of his own, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of Judgment; (2) the petitioner has shown that the newly discovered evidence does Not go to the merits of the issues tried; and (3) the petitioner has shown that the Facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ.   All Exhibit's ARE Newly discovered Evidence. I would of went to trial For sure. My life is in danger and detention doesn't end. I can't take much more will go with (1) smiple None beatable Argument.

#1   Exhibit (A) Proof defendant is and was mentally sick, life long. Evidences left out during court. By 5 Attorneys on one case

#2   I change EACH Attorney on This case but MR Conroy with Ineffective Assistence of Counsle. For not seeking Propere Mental Evaluation. LAW Land mark case LAW
STRIKIANd v. WASHington. (1984)

Also Pointer v. Texas 380 U.S 400 a Right to Present Witnesses on one's defense. "which I was diprive of."
Also WASHington v. Texas 388 U.S. 14 a Right to Remain silent. "which I was diprive." "of"
Also Malloy v. Hogan 378 U.S and a Right to be convicted by proof beyond All Reasonable dorbt IN RE: winship 397 U.S 358. "which I was diprive of"

After Reading Exhibit (A)   Page #1  States clearly in
Criminal Law and Procedure  [HN8]  (1) (2) (3)
A writ of Error coram nobis is granted when three Requirements
are met:

Exhibit (A)  Kills  3  birds  with  one  stone.

#1  Fact existed  without  Fault of his own.
#2  Newly discovered Evidence does not go to the merits
of issues Tried
#3   due diligence have been discovered  by me
at Any time substantially earlier than the time of my
Motion For the writ of Error coram nobis.


5th amendment  violation  if  the  Paid  Counslor Rebecca young
would have  order a  90 obsirvation  the court  would have Found
a  mental disorder exsisting. and would have issued medication
to stop suffering defendant. 8th Amendment violation cruel to
Not help a sick person. In Jail at 850 Bryant SF Ca. 94103
defendant was beaten up and Forced to live in "D" Block For
Safety concerns. which violates 14th Amendmint due process
when Rebecca young did Not Motion the court For the evaluation.

It's clear in pointer V. Texas  380 U.S. 400  a Right to
Present witnesses on one's defense.

It's clear in Rebecca young, violated a Right to Present witnesses
After Reading Exhibit (A)  Criminal Law [HN8] (1) Fact existed
without Fault of defendant.

Motion For Reapiontment of Counsle MR Conroy and iF denied
Motion For a constitution Attorney For this case Needs one iti
a matter of life or death.  MR Martha is Not a Lawyer.

It's clear in WASHington v. Texas 388 U.S. 14 to Remain silent is a Right. and when a Lawyer Remains silent on one's defense violates defendant's 1st Amendment a Right to speak Freely in defense and it violates Cruel and unusual punishment 8th Amendment mental Tortour to be silent because Incompident to the Issues of Law and Not Able to speak properly in defending himself to explain the Mental problem defendant had. It violates World Laws As well Read Exhibit (A) The Attorney did not bring up in court Immigration and if (INS) sucessfully deports defendant he Maybe Killed and tortures. if Removed. which violates due Process. 5th and 14th and 8th and 1st Amendment. Acording to Ma v. Reno 2000 9th curcvit case Illegal detention Kicked in because Futher more IF you Read Exhibit (B) None of the Above and Even Each Arrest Between 1994 til Present 2008 Jan-25-08 would have happend to defendant if Brad Davis with Adult Probation would have did his Job and Followed the court order "To Transfer Probation to Chicago. Judge Lovie clearly Kicked me out of California. violation of Plea Bargin. Breaching Agreements is Illegal in the United States of America.

Supreme court of the United States
404 U.S. 257; 92 S.Ct. 495  30 L.Ed
2d 427; 1971
Santo Bello v. New york

All the Case's Presidented and Briefs Filed by Attorney's will be motioned into this case submitted by George Martha No. 157784. Summary; 35 App Div 2d 1084. 316 Nys2d 194 counsel; Irving Anolik Argued the cause and Filed a brief For Petitioner to which I motioned Above to use his brief in Arguments in my Plea being Violated. By Brad Davis and

Page #3

CRIMINAL LAW. [HNI] CAL Penal Code § 1016.5 requires the trial court before accepting a plea of guilty or Nolo contendere, to Advise a defendant in an Appropriate case that the plea may have Immigration consequences. CAL Penal Code § 1016.5 Provides that if the court Fails to give the Advisement and if the defendant shows that his conviction may result in deportation, exclusion, or denial Naturalization, then the court, on defendants Motion, Shall vacate the Judgement and Permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of Not guilty.

Exhibit (A)

Human Rights. THE Protection Against Torture Read opinion by PH.D Jess H. GHANNAM. People with mental disorders in 3Rd World country are housed with out Propere Treatment and medication. They see it as the act of a devil. It goes Back to the day's Jesus casted out demons, From People. Not to disRespect Jesus because he is My Lord, but the PeoPle he was dealing with were mentaly sick PeoPle with out medication in my opinion.

Back to the merits

Aside From personal opinion to where Law does not Rule on. CAL P.C. § 1016.5 Requires the court to accept a plea of guilty or nolo contendere to Advise defendant in an AppRopriate case that a Plea may have (INS) slash Now (ICE) consequences.

Page #4

IF the court carefully Recorded defendants behavior in custody
you will Find an uncontrolable person with thought disorders and
mood swings left untreated. And housed in the "D" Block hole, For safety concerns,

IF you Read transcript questioning Judge Louie About deportation
was not the Job of client but Attorney conRoy pointer v. Texas
380 U.S. 400. a Right to expert witnesses to Advise an incident
Trial Attorney of (INS) LAWS. and world (LAWS). Read declaration
by MR conRoy. Exhibit (C) Also Washington v. Texas 388 U.S.
14. a Right to Remain silent. on transcript questions Asked
by defendant to Judge Louie conRoy should have objected to
me Tonting the Judge, and even to Allow it on Recorded
TRANscript. a Mentaly sick Person with out Properc
Medication left undiagnosed at that time is Innocent of
Verbal Abuse or Any verbel Action As long As an Act is
Not Commited. But Convicted For a Threat commited From
a distance of 3000 miles over a Phone during a
Bipolar episode held on Bond 1 million dollars because
of OJ Simson v. THE People of the State of California. That
is what the DIA told the court in Bond Reduction hearing she
Also mention Palistinian Race people Act on Threats to there wives.

Important Foot Note
SAN Quentin PRisin 2008

even up until JAN 2008 and Feb 2008    PhD BRenner and
PhD Lippton just Found the Miciical drug. TRyliptal it Ables
me to think slower and if they would have diognosed me
during Trial and gave me Proopere Medication ~~the~~ ~~~~ ~~~~
I would not have suffered many more years After.   Also
IF I would have had been diognosed 10 years before I would
Not have became a convicted Felon.

Page #5

CAL PC. § 1016.5 requires the court to Advise defendant OF (INS) consequences.

Failed to do so because #1 legal exsperts where not appointed to help defendant understand mentaly what was going to happen in the Neair Future.

#2 Backed up by Exhibit (A) PH.D letters.

Although DR levy evaluated defendant it was to clean defendant of possible Threats carried out if Released. It was not a disorder evaluation to which I charge Attorneys For Ineffectiveness

STRIKland V. WASHington (1984)
LandMARK CASE LAW

#3 If counslors where Effective and legal exsperts where hired to help explain (INS) consequences will be in the Near Future. And PHD' where there to medicate defendant to make him compident to his surroundings He would of went to Trial.

A Right to Effective Assistance of Counsle

Glasher V. United States

CAL PC § 1016.5 provides that if the court Fails to give the Advisement and if the defendant shows that his conviction may result in deportation, exclusion, or denial of Naturalization, then the court on defendant's motion, Shall VACate the Judgment and permit the defendant to withdraw the Plea of guilty or Nolo contendere, and enter a plea of not guilty. which defendant proved above in motion in writ of ERROR CORAM Nobis. This case is half beaten 2001 St cyr V. INS 2001 212.c waver was granted on the part of defendant.

After a long illegal detention battle with (INS) To which I have little Regret. Everything happens For a Reason. Public Officeals Needed my Assistence.

#1  1998 I was used to collect Information to convict a man that made death Threats to the US Congresswoman of San Francisco to which a copy of this writ of ERROR will be sent to her Office in Washington D.C. Also one to the President of the United States George W. Bush Asking to support my Pardon.

#2  Nov 2001 Before Honorable Donna Little I Stopped a Mad man from Entering Department #12 in SF California Hall of Justice with a 5" Knif. Deputy Oliver and Deputy Washington witnessed my Brave duties. He made threats to harm the D/A present that day if O.R. was not granted.

#3  2002 Testified on the behalf of LT. Lopez Redwood city. To a man who Shot a E.P.R Police man.

#4  2003 Saved the life of Correction officer Crocker At mule creek State Prison.

#5  422.PC does not carry death and if I am Removed to a 3Rd world country a death sentence is now Issued. and if I die in custody a death sentence is now Issued. how much more can # 41 year old man take with history of Tumors  RE: 10-11-06 UC. Davis hospital. Surgery on George Martha In custody.

#6  Proof of Abuse By BRAD DAVIS, 2 months before discharging Probation he Revoked my Probation and sent me off to Hell. My life is meaningless and illegal detention is Never ending and this is not Justice or the land of the Free to punish someone over and over. I have over 9 years Credit time served. Robbed of my liberty. My Grandmother who Rasied me Refused to die til she saw me. Poor lady die while I was in custody on 9-11-06 10:30 AM in San Diego. Merry Kawash. My moms mom call my mom 925-349-9562

Page #7

To PROVE uncontrollable Thought disorder Please ask

US. District Judge SUSAN ILLSTON Northern district

court 450 Golden Gate Ave SF. Ca. 94103

I Filed 62 Motions or more in defense in

case No. SC051811 SAN Mateo county Judgment

To which was used to strik a strik to which

would have Never happened if BRAD Davis with

Adult Probation would have TRANSFered Probation to

CHicago as ordered by Honorable Judge Louie.

Violation of Plea
BARgin,
SANTO Bello v. New YorK
404 U.S. 257, 92 S.ct
495 30 L.Ed 2d 427;
1971
(Not CONRoy) Dave Wise ARANged Prison deal.
Followed by INEffective Assistance of Counsles part For not
securing Plea Agreement. STRIKIAND V. WASHINgTON.

I was Made to buy a one way Plan ticket back
to CHicago. ON TRANscript. ("DAVE WISE". I told him Plea was
BReach. And I should be IN CHicag )
order your Record Probation never was TRANsFered.

I Recieved a Rude call by Davis in chicago
He stated IF you do Not come back you will be
Re-ARRested. That Judge Louie unconsitutional sentenced
Me and SF county was unwilling to TRANSFer Probation.
MAKing the whole Family Move Back to CALIFORNIA and
they are Ready to Testifix on my behalF. IF called
on to do so. I called BRendan Conroy to Advise him
OF Brad Davis' deeds. Conroy and I spoke and I was told
I better listen to his order                         Page #8

defendant is Innocent.

After the Writ is granted case No. 157784 will hold Judgment on San Mateo Case No. SC051811 to which case No. 157784 made San Mateo Case No. SC051811 an Aggravated Sentence Which Again made defendant deport Able. Motion to vacate the Judgment should be and needs to be granted because defendant Kill 3 Birds with one Stone. [HN8] three Requirements are met to grant Coram Nobis have been met.

[HN3] CAL P.C. § 1018  A person may withdraw Plea before Judgment Showing good cause.

Although Cal P.C § 1018 is limited on its Face to period before Judgment the courts have long permitted defendants to move to set A-side the Judgment as a means of allowing the defendant to withdraw the guilty plea after Judgment.

[HN4] Under Cal. P.C § 1018.

Mistake, Ignorance or Any other Factor overcoming the exercise of Free Judgment is - good cause For withdraw of the Plea. but good cause - - must be Shown by clear and convincing evidence. The decision to grant the motion to withdraw the plea lies within the discretion of the trial court. After Reading Trial Transcripts and Exhibits this court will be Commiting Humanitary (Laws) Against defendants Living Rights, If denied this writ.

and PARtisipating in Illegal detention Against MR MARtha.

The case in ➔ Ma v. Reno (2000) 9th curcuit. Never Ending

detentior. ➔ or Lock them up and throw Away the Keys

LiFers in (INS) detention

Now (Ice) detention - -

criminal Law Procedures

[HNS] Preliminary Proceedings Enter of Plea → changes and withdrawals.

Where on Account of duress, Fraud, or other Fact overreaching

the Free will and Judgment of a deFendant hE is deprived of

the Right of a trial on the Merits. the court in which he

was sentenced may aFter Judgment and aFter the time for Appeal

has passed, if a properly supported motion is Seasonably made,

grant him the privilege of withdrawing his plea of guilty.

It should be noted however, that this exceptional remedy

Applies only upon a Strong and convincing Showing

of the deprivation legal Rights by extrinsic causes

As in MR MARtha's case No. 157784  SF county

Conviction.

$$Exhibit (C)$$

contains   Event sHeet (INS)

1-26-00  letter From Jordan Not citizen

212-c waver granted

STATus To  Employment card.

Never could be an American.

unless Judgment is VACAted.

Order oF supervision. 212-c waver.

JRAD Motion granted by SF County Judge  DAvid GARcia Judge

cRies in the wilderness, unpleasant conditions at  Jordan's

mental institute.

New hold is ISRAEl. But as soon as ISRAEl denys
citizenship the U.S Goverment will try Jordan Again
As they did in the pAst.

ASK Rebecca. J. Hooley 925-335-1800

> Ex- Attorney For (INS)
> For defendant in this
> <u>CASE</u>

EXHibit (C)

Middle EAST and North AFRica
By BARBABA wAlTers

[HN6]

A PostJudgment motion to change a plea must be seasonably made
Thus, the trial court may properly consider the defendant's
delay in mAKing his AppliCAtion, and if considerable time" has
elapsed between the guilty Plea and the motion to
withdrAw the Plea, the burden is on the defendant
to explain and justify the delay.

> INeffective counsle
> STRIKIAnd V. WASHington.
>  Effective counsle
>  Glasher V. United states.

Next PAge

explain and Justify the delay lies on burden of counsle

Plus Fairness in securing agreement between an accused and

a prosecutor, It is now clear for example that the accused

pleading guilty must be counseled Absent a waver. Moore v. Michigan,

355 U.S. 155 (1957) Brad Davis Broke the seal of Plea Bargin.

Fed Rule crim Proc 11. [HN3] Lynch v. overholser, 369 U.S. 705.

719 (1962) Fed Rule crim Proc 11. Mr Justice Douglas

Agreed New York did Not Keep it's Plea Bargin, As the

court will Agree in this writ of ERROR coram nobis SAN

Francisco CASE No. 157784 did Not Keeps its Plea Bargin.


[HN7] Relief From Judgment → Coram Nobis.

A motion to vacate the Judgment is recognized
as equivalent to a petition For the common law Remedy
of a writ of ERROR. Contract Laws are Firm in
the U.S.A. Headnote [9] LAW § 59

Brady v. United States
397 U.S. 742, 752
[1970]

SEE Cal P.C § 1016.5 (d). Motion to vacate Judgment

The omission of the advisement under cal PC 1016.5 will
Provide a ground to vacate Judgment, only Upon a
showing that a defendant was not Aware ot the
Possible immigration consequences of his plea and
would not have entered his guilty or Nolo contendere
plea had he been properly Admonished. Defendant Mr
Martha has proved his case. Case No. 157784 change Plea
date Jan. 3. 1995. line 18. 19. 20. Judge Lovie said I could
take back my Plea and go To TRIAL. Motion to do so After
your Read the Transcript. THose where Judge Lovies last
living words to me God Rest his Soul For he Pasted Away
And is in Heaven acording to my Prays.                Page #12

THE People, Plaintiff and Respondent

v.

STEFAN WIEDERSPERG, defendant

CRIM NO. 12967

Court of Appeal of California, First Appellate District Div. THREE
44 Cal. App. 3d 550; 118 Cal. Rptr. 755; 1975
Cal. App

Disposition    The order is Reversed

[HN3]
(2a)    Did the petition State possible grounds For Relief.
(1) (2) (3) Requirments met.

Petitioner has shown that Facts upon which he relies on
were not known to him and could not in the exercise of
due diligence have been discovered by him at any time
substantially earlier than the time on his motion For
the writ. ( People v. Shipman (1965) 62 Cal 2d 226,
230 [42 Cal Rptr 1. 397 P. 2d 993].) (2b) The
Record [** 758] contains declarations under penalty
of purjury which Satisfy these Requirements.

page 13

Case 3:08-cv-01982-SI   Document 3   Filed 05/05/2008   Page 17 of 59

Did not go with death. Who is MRS VIVIAN BARKARY For me to SF suffer death.
and over and over. Read her declaration and put her in Jail. For my Justic

We conclude that the trial court has Jurisdiction

and that the petition Stated Facts Upon which the court

in it's discretion and if the proof is sufficient, could

grant the relief sought. (see People v. Superior court (Giron)

(1974) 11 Cal. 3d 793 [114 Cal. Rptr. 596, 523 P.2d 636].)

I will not live a normal life until this 422.PC is corrected.
I may never be Released by Immigration Again if Judgment Remines.
For the Forgoing Reason THE WRIT of ERROR CORAM Nobis must

be granted in the city and country of SAN Francisco superior

court leavel.


I declare under the Penalty of Perjury that the

Forgoing is true and correct.


$\mathcal{G}_M$

To: Honorable Judge in for the city and county of San Francisco.

Motion to Subpena officer who took the Police Report
He is a Lawyer now. He also picked me up for Chicago Jail.

#1  Look at Transcripts how hard Judge Louic Made it to Release me to go back to Chicago.

a one way Non Stop ticket was Mandatory.

#2  God Rest his Soul if he Know my Plea was Violated he would Vacate Judgment.

#3  Someone would need to carry his wishes. With merit of Course

#4  Read a Signed Declaration by So called Victum.

#5  She only Recorded what she wanted you all to hear.

#6  She prepared my Anger to snap then Recorded my voice. Intrapment. She only wanted my Body in SF county for our Son. She went by it the wrong way

#7  Important.

The officer who took the Report, he picked me up at the Cook county Jail. Chicago on a one million dollar warrat.

CC) Added
officer who picked me up
saw her in the lobby
and told me He Registed
taking Report and to Subpena
His in Appeals

Next Page

$ $

#8    I Forgot his Name it was him and a Female officer

#9    When I ARRived to the Jail Someone Breach security she was there in the lobby to visit me.

#10   Her cousin who is behind this whole OR deal is behind All this. SHiReFF Deputy MAZEN BABARY Badge # 1326 SAN Francisco County. He was Also behind me going to PRison. Having Probation violated 2 months beFore dischARging a 3 year Term. "Sounds" Fishie to me.

#11   How Then would she Know EXACT time and date I would be IN your Jail. Point is I won this ARgument.

#12   No ONE ON earth but Deputy BARBARY could have Found out EXACT time and date.

#13   Breaching security
      Breaching Plea.
      ILLegal sentence.

      Motion to Sobepena that officer who took the Report. and Picked me up From cook county Jail. He is a Lawyer NoW And I Need him ON PART oF deFense IN writ oF ERROR CORAM Nobis.

All Behind a Bad oFFicer. This oFFicer and his cousin and BRad Davis messed up my whole liFe.

This Story is the truth the whole truth so help me God.

OF SAN Francisco Calif

THe People OF the State
OF California
V.

George Martha

CASE No. 157784
Appiortment oF Counslr
For possible death
Sentence case.

THe writ oF ERROR CoRam Nobis.

In the matter under the 422. PC it does not carry a
death penalty sentence. But in this matter it does. THere For
I Am Illegaly Charged. and Illegaliy sentenced.

Appiontment oF causle is most Manditory in possible
death penalty cases.

In the writ oF ERRoR CoRam Nobis ERRoRs are cryisal clear
in this matter. case No. 157784

#1 Exsiting Facts left out oF court. All Exhibits After
the Fact came out After Immigration proceeding.

#2 ~~Count~~ Counslors 100 %. INeFFective and INcopedent
to Criminal LAW, and Mental Health LAWs
world LAWs Most oF All (INS) slash (Ice) LAWs
that changed Everyday. IN this writ a Law will
change. Because Immigration Law changes Every year
and criminal Attorneys no Nothing about it or can keep up
with it.

There Fore Each County needs experts in Court to explain penaltys. IN special case that could lead to death By not explaining to me I Free possible death. due to mental Issues, this Vaction oF Judgment Should Stands.

#3. Breaching Plea and not securing Plea Bargin.

These meet Requirments For Vacating Judgement in coram nobis Rules.

And Require Appiortment oF consle.

I declare under the Penalty oF purjury that the Forgins is true and correct

TO THE Imigration Judge:

I ViViAN BarBary declares as follows:

1. I have personnel Knowledge of these facts and coud testify competently and truthfully to them if called as a witness.

2. I have Known George martha for 14 years. We are distant cousins

3. In all the years I have known George martha he has never hit me or physically abused me.

4. In 1994 I complained to the police about a threatening Phone call, that George martha had made to me However at No time did I actually believe that he woud carry out his threats. He was convicted based on that Phone Call.

I Declare under penalty of Perjury that the foregoing is true and Correct And that this deckration was executed On Febuary 11, 1999 In San Francisco California

Vivian Barbary
Vivian Barbary

THE ANNEXED INSTRUMENT IS A
CORRECT COPY OF THE ORIGINAL
ON FILE IN MY OFFICE.
ATTEST: CERTIFIED

NOV 3 0 2000

Superior Court

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**CITY AND COUNTY OF SAN FRANCISCO**

|  |  |  |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) | SUSAN M. BREALL |
| | ) | NO. 157784 |
| Plaintiff, | ) | ENDORSED |
| | ) | FILED |
| vs. | ) | San Francisco County Superior Court |
| | ) | |
| GEORGE NIMER MARTHA, | ) | INFORMATION NOV 02 1994 |
| | ) | |
| Defendant(s). | ) | ALAN CARLSON, Clerk |
| | ) | BY: AIDA M. CALIXTON |
| | | Deputy Clerk. |

COUNT I:

### GEORGE NIMER MARTHA

        is accused by the District Attorney of the City and County of
San Francisco, State of California, by this Information, of the
crime of felony, to wit:  VIOLATION OF SECTION 422 OF THE CALIFORNIA
PENAL CODE,

committed as follows:  The said defendant(s) on and between the 7th
day of August 1994 through the 16th day of August 1994, both dates
inclusive, at the City and County of San Francisco, State of
California, did willfully and unlawfully threaten to commit a crime
which would result in death and great bodily injury to another
person, to wit:  VIVIAN BARBARY made so unequivocally,
unconditionally, immediately and specifically as to convey to the
person threatened a gravity of purpose and an immediate prospect of
execution.

COUNT II:

The said defendant(s), GEORGE NIMER MARTHA, is further accused by
the District Attorney of the City and County of San Francisco, State
of California, by this Information, of the crime of felony, to wit:
VIOLATION OF SECTION 646.9(a) OF THE CALIFORNIA PENAL CODE,

committed as follows:  The said defendant(s) on and between the 7th
day of August 1994 through the 16th day of August 1994, both dates
inclusive, at the City and County of San Francisco, State of
California, did willfully, maliciously and repeatedly follow and
harass VIVIAN BARBARY, and make a credible threat against him/her
immediate family with the intent to place him/her in reasonable fear
of his/her safety.

///

///

///

People vs.  George Nimer Martha          S. C. NO.  157784

## COUNT III:

The said defendant(s), GEORGE NIMER MARTHA, is further accused by
the District Attorney of the City and County of San Francisco, State
of California, by this Information, of the crime of felony, to wit:
VIOLATION OF SECTION 646.9(b) OF THE CALIFORNIA PENAL CODE,

committed as follows:  The said defendant(s) on and between the 7th
day of August 1994 through the 16th day of August 1994, both dates
inclusive, at the City and County of San Francisco, State of
California, did  willfully, malicously, and repeatedly follow and
harass VIVIAN BARBARY, and make a credible threat against him/her
immediate family with the intent to place him/her in reasonable fear
for his/her safety, when there was in effect Temporary Restraining
Order prohibiting said behavior.

## COUNT IV:

The said defendant(s), GEORGE NIMER MARTHA, is further accused by
the District Attorney of the City and County of San Francisco, State
of California, by this Information, of the crime of felony, to wit:
VIOLATION OF SECTION 422 OF THE CALIFORNIA PENAL CODE,

committed as follows:  The said defendant(s) on and between the 10th
day of August 1994, at the City and County of San Francisco, State
of California, did willfully and unlawfully threaten to commit a
crime which would result in death and great bodily injury to another
person, to wit:  VIVIAN BARBARY made so unequivocally,
unconditionally, immediately and specifically as to convey to the
person threatened a gravity of purpose and an immediate prospect of
execution.

## COUNT V:

The said defendant(s), GEORGE NIMER MARTHA, is further accused by
the District Attorney of the City and County of San Francisco, State
of California, by this Information, of the crime of felony, to wit:
VIOLATION OF SECTION 422 OF THE CALIFORNIA PENAL CODE, committed as
follows:  The said defendant(s) on and between the 12th day of
August 1994, at the City and County of San Francisco, State of
California, did willfully and unlawfully threaten to commit a crime
which would result in death and great bodily injury to another
person, to wit:  VIVIAN BARBARY made so unequivocally,
unconditionally, immediately and specifically as to convey to the
person threatened a gravity of purpose and an immediate prospect of
execution.

///                              -2-

People vs.  **George Nimer Martha**          S. C. NO.  **157784**

### COUNT VI:

The said defendant(s), GEORGE NIMER MARTHA, is further accused by the District Attorney of the City and County of San Francisco, State of California, by this Information, of the crime of felony, to wit: VIOLATION OF SECTION 422 OF THE CALIFORNIA PENAL CODE,

committed as follows:  The said defendant(s) on and between the 16th day of August 1994, at the City and County of San Francisco, State of California, did willfully and unlawfully threaten to commit a crime which would result in death and great bodily injury to another person, to wit:  VIVIAN BARBARY made so unequivocally, unconditionally, immediately and specifically as to convey to the person threatened a gravity of purpose and an immediate prospect of execution.

ARLO SMITH
District Attorney

**P. E. PRINCIPE**

Assistant District Attorney

0375Y/cde

| S22 | 08/28/96 | HR | CONT'D PROGRESS REPORT/PROG:09-26-96/ /CO:PROOF OF MANALIVE PROGRAM ENROLLMENT/ /H1:960926/0900/S22 |
|---|---|---|---|
| S22 | 09/26/96 | HR | CONT'D PROGRESS REPORT/PROG:10-28-96/CONT/ /H1:961028/0900/S22 |
| S22 | 10/28/96 | HR | /CAL:PROGRESS REPORT/CONT PROB/PROB MOD/PGM6:WALDEN HOUSE/ PGM12:MANALIVE/ |
| S22 | 01/15/97 | HR | /MOTION TO REVOKE PROBATION-APD - GRANTED /FTA/BWI/NB/OC/ |
| S22 | 01/28/97 | HR | CONT'D HRG WHET PROB SHD REM REV APD/APD-MTR/SUPP:02-27-97/ SHER/S25/ /H1:970303/0900/S25 |
| S22 | 02/24/97 | HR | /CAL:MOTION TO RELEASE ON O,R, OR BAIL//MO DENIED/BAIL:$5,000/ /H1:970303/0900/S25 |
| S22 | 02/28/97 | HR | /MO TO CONT:BY DEFENSE//MO GRTD/ /H1:970311/0900/S25 |
| S25 | 03/03/97 | HR | /DAW/CONT'D TS WHET PROB SHD REM REV APD/ /H2:970311/0900/S25 |
| S25 | 03/11/97 | HR | CONT'D TS WHET PROB SHD REM REV APD/ /H1:970408/0900/S25 |
| S25 | 04/08/97 | | 0900 HEARING                TS WHET PROB SHD REM REV AP |

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

BEFORE THE HONORABLE LENARD D. LOUIE, JUDGE

DEPARTMENT NO. 25

# FILED
San Francisco County Superior Court

---oOo---

JAN 20 1995

ALAN CARLSON, Clerk
Superior Court of the City & County of San Francisco
BY _Carolyn D. Franko_
DEPUTY CLERK

THE PEOPLE OF THE           )
STATE OF CALIFORNIA,        )
                            )
            PLAINTIFF,      )
                            )
    VS.                     )
                            )
GEORGE NIMER MARTHA,        )       NO. 157784
                            )
            DEFENDANT.      )       CHANGE OF PLEA
                            )
_____)

---oOo---

REPORTER'S TRANSCRIPT
JANUARY 3, 1995

A P P E A R A N C E S:

FOR THE PEOPLE:             HON. ARLO E. SMITH
                           DISTRICT ATTORNEY
                           BY:  S. BREALL
                           ASST. DISTRICT ATTORNEY

FOR THE DEFENDANT:         HON. GEOFFREY BROWN
                           PUBLIC DEFENDER
                           BY:  B. CONROY
                           DEPUTY PUBLIC DEFENDER

REPORTED BY:   CONNIE MIHOS, CSR 7391
               OFFICIAL COURT REPORTER

ORIGINAL

1

1  | JANUARY 3, 1995                                    P.M. SESSION

2  |                    P R O C E E D I N G S

3  |      THE COURT:  GEORGE MARTHA. ·

4  |      LET THE RECORD SHOW WE'RE HERE WITH MR. MARTHA;

5  | MR. CONROY, THE ATTORNEY; MS. BREALL, THE DISTRICT ATTORNEY;

6  | AND THE ALLEGED VICTIM VIVIAN BARBARY.

7  |      MS. BREALL, WOULD YOU STATE THE TERMS OF THE

8  | AGREED-UPON DISPOSITION.

9  |      AND MS. BARBARY, I WANT YOU TO LISTEN TO THE AGREED-

10 | UPON DISPOSITION AND SEE IF WHAT SHE SAYS AGREES WITH YOU.

11 |      MS. BREALL:  THE PROPOSED DISPOSITION, YOUR HONOR, IS

12 | IMPOSITION OF SENTENCE SUSPENDED.  THE DEFENDANT IS TO BE

13 | PLACED ON THREE YEARS PROBATION WITH THE ADULT PROBATION

14 | DEPARTMENT ON INTENSIVE SUPERVISION.

15 |      HE'S GOING TO RECEIVE CREDIT FOR TIME SERVED AT THE

16 | TIME OF SENTENCING, WHICH IS APPROXIMATELY ONE YEAR.

17 |      HE'S TO HAVE A 1035 SEARCH CONDITION, WHICH MEANS HIS

18 | PERSON, HIS RESIDENCE, HIS VEHICLE MAY BE SEARCHED WITH OR

19 | WITHOUT A WARRANT, WITH OR WITHOUT REASONABLE OR PROBABLE

20 | CAUSE, BY ANY PEACE OR PROBATION OFFICER, ANY TIME OF THE

21 | DAY OR NIGHT.

22 |      HE'S TO HAVE NO WEAPONS ON HIM DURING THE TERM OF HIS

23 | PROBATION.

24 |      HE IS TO STAY AWAY FROM THE VICTIM IN THIS CASE, VIVIAN

25 | BARBARY, B-A-R-B-A-R-Y.  HE'S TO HAVE NO CONTACT WITH HER,

26 | NO WRITTEN CONTACT, NO PHONE CONTACT, NO CONTACT OF ANY

27 | KIND.

28 |      HE IS TO ON THE DAY OF SENTENCING WHEN HE IS RELEASED

1   HAVE IN HIS HAND PLANE TICKETS TO CHICAGO --

2          THE COURT:   DIRECT FLIGHT.

3          MS. BREALL:   -- THAT DAY, DIRECT FLIGHT FROM SAN

4   FRANCISCO TO CHICAGO.   AND HE WILL BE ABLE TO TRANSFER HIS

5   PROBATION TO CHICAGO.

6          HE'S TO UNDERGO DOMESTIC VIOLENCE COUNSELING IN

7   CHICAGO.

8          AND ALL THIS IS CONDITIONED UPON A PSYCHIATRIC

9   EXAMINATION THAT TELLS US THAT THE DEFENDANT DOES NOT PLAN

10  TO CARRY OUT HIS THREATS AND IS NOT A DANGER TO THE VICTIM.

11         THE COURT:   THE COURT IS GOING TO APPOINT DR. LEVY TO

12  EXAMINE THIS DEFENDANT PURSUANT TO A 730/1017 FOR AN

13  ADVISEMENT AS TO WHETHER OR NOT MR. MARTHA POSES A DANGER TO

14  OTHERS, INCLUDING THE ALLEGED VICTIM, MS. BARBARY.

15         MS. BARBARY, THAT IS THE TENTATIVE AGREEMENT WE HAVE

16  ARRIVED AT.   DOES THAT DISPOSITION SATISFY YOU?

17         MS. BARBARY:   YES, IT DOES, YOUR HONOR.

18         THE COURT:   OKAY.   MR. CONROY, IS YOUR CLIENT PREPARED

19  TO ACCEPT THAT DISPOSITION?

20         MR. CONROY:   YES, HE IS, YOUR HONOR.

21         THE COURT:   PLEASE ADVISE YOUR CLIENT OF HIS RIGHTS.

22         MR. CONROY:   OKAY.

23         MR. MARTHA, I'M GOING TO MAKE A STATEMENT TO THE COURT

24  ABOUT YOUR CASE; IT'S VERY IMPORTANT THAT YOU LISTEN TO IT

25  CAREFULLY.

26         YOUR HONOR, GEORGE MARTHA WANTS TO ENTER A PLEA OF

27  GUILTY TO THE CHARGE OF A VIOLATION OF CALIFORNIA PENAL CODE

28  SECTION 422, MAKING THREATS INVOLVING BODILY INJURY TO

1   VIVIAN BARBARY, WHICH IS A FELONY.

2       I HAVE TOLD HIM THAT SEVERAL CONSTITUTIONAL RIGHTS WILL

3   BE GIVEN UP IF THE COURT ACCEPTS THIS PLEA INCLUDING, FIRST,

4   HIS PRIVILEGE AGAINST SELF-INCRIMINATION; THAT IS, HE IS

5   UNDER NO OBLIGATION TO SAY ANYTHING THAT MAY TEND TO

6   INCRIMINATE HIM.  AND I HAVE TOLD HIM THAT BY PLEADING

7   GUILTY HE IS, IN FACT, INCRIMINATING HIMSELF.

8       SECOND, HIS RIGHT TO BE TRIED BY A JURY.  IN THIS

9   REGARD, I HAVE ADVISED HIM THAT HE CANNOT BE CONVICTED

10  UNLESS ALL 12 JURORS AGREE THAT THE PROSECUTION HAS PROVED

11  HIS GUILT BEYOND A REASONABLE DOUBT.

12      THIRD, HIS RIGHT TO SEE AND HEAR HIS ACCUSERS TESTIFY

13  IN OPEN COURT IN HIS PRESENCE AND TO HAVE HIS ATTORNEY

14  CROSS-EXAMINE THEM.

15      WE HAVE DISCUSSED THE ELEMENTS OF THE CHARGE AGAINST

16  HIM AND THE POSSIBLE DEFENSES TO THE CHARGE, AND I HAVE

17  ADVISED HIM OF THE LAW AS IT RELATES TO THE FACTS OF HIS

18  CASE.  I HAVE ADVISED HIM OF THE LEGAL CONSEQUENCES OF A

19  GUILTY PLEA TO THE CHARGE AND THAT THE PUNISHMENT FOR THE

20  OFFENSE IS 16 MONTHS, TWO YEARS OR THREE YEARS IN STATE

21  PRISON.

22      UPON HIS RELEASE FROM CUSTODY, HE MAY BE PLACED ON

23  PAROLE FOR A PERIOD OF FOUR YEARS FROM THE DATE OF HIS

24  INITIAL PAROLE.  HOWEVER, IF PAROLE IS REVOKED, CONFINEMENT

25  PURSUANT TO A REVOCATION OF PAROLE IN THE ABSENCE OF A NEW

26  CONVICTION AND COMMITMENT TO PRISON UNDER OTHER PROVISIONS

27  OF LAW SHALL NOT EXCEED 12 MONTHS EXCEPT AS PROVIDED BY

28  PENAL CODE SECTION 3057(C), SUBSEQUENT ACTS OF MISCONDUCT

1   COMMITTED BY A PAROLEE WHILE CONFINED PURSUANT TO THAT

2   PAROLE REVOCATION.

3        THE PLEA IS OFFERED AS A RESULT OF DISCUSSIONS WITH THE

4   COURT AND ASSISTANT DISTRICT ATTORNEY SUSAN BREALL.

5        WE PREVIOUSLY STATED IN OPEN COURT WHAT THE TERMS ARE,

6   AND THOSE ARE THE TERMS MR. MARTHA UNDERSTANDS.

7        THE COURT:   BEFORE I TAKE THE PLEA, MS. BREALL, PLEASE

8   VOIR DIRE THE VICTIM.

9                          EXAMINATION

10       MS. BREALL:   Q.   VIVIAN, DO YOU UNDERSTAND THE TERMS

11   AND CONDITIONS OF THIS DISPOSITION AS I'VE STATED THEM?

12       A.   YES, I HAVE.

13       Q.   DO YOU UNDERSTAND IT'S POSSIBLE WITHIN TWO WEEKS

14   THE DEFENDANT WILL BE RELEASED FROM JAIL?

15       A.   YES, I DO.

16       Q.   IS THIS WITH YOUR APPROVAL?

17       A.   YES.

18       Q.   DID YOU, IN FACT, ASK ME TO TRY TO SETTLE THIS CASE

19   IN THIS FASHION?

20       A.   YES.

21       Q.   WILL YOU BE AFRAID OF THE DEFENDANT IF HE IS

22   RELEASED FROM JAIL WITH AN APPROPRIATE PSYCHIATRIC

23   EXAMINATION?

24       A.   NO, I WON'T BE.

25       Q.   DID YOU WANT TO GO TO JURY TRIAL ON THIS MATTER?

26       A.   NO, I DIDN'T.

27       Q.   DID YOU WANT TO SEE THE DEFENDANT IN JAIL OR STATE

28   PRISON?

1       A.  NO, I DON'T.

2          THE COURT:  OKAY.  MR. MARTHA, SIR, YOU'VE HEARD THE

3   STATEMENTS MADE TO THE COURT BY YOUR ATTORNEY, MR. CONROY,

4   AND THOSE MADE BY MS. BREALL.  ARE THEY TRUE IN ALL

5   RESPECTS?

6          THE DEFENDANT:  YES, YOUR HONOR.

7          THE COURT:  YOU HAVE A RIGHT TO BE TRIED BY A JURY.  DO

8   YOU WAIVE THAT RIGHT?

9          (THE DEFENDANT CONFERRED WITH COUNSEL.)

10         MR. CONROY:  IF YOU WANT TO HAVE THIS DISPOSITION,

11  WHAT WE JUST SAID, YOU HAVE TO WAIVE THESE RIGHTS.

12         THE DEFENDANT:  I WAIVE THE RIGHTS.

13         THE COURT:  SIR, YOU HAVE A RIGHT TO BE TRIED BY A

14  JURY.  DO YOU WAIVE THAT RIGHT?

15         THE DEFENDANT:  YES, SIR.

16         THE COURT:  YOU HAVE A RIGHT TO SEE, TO QUESTION AND

17  TO EXAMINE ALL THE WITNESSES WHO WOULD TESTIFY AGAINST YOU.

18  DO YOU WAIVE THAT RIGHT?

19         THE DEFENDANT:  YES, SIR.

20         THE COURT:  YOU HAVE A RIGHT TO REMAIN SILENT AND NOT

21  TO SAY ANYTHING WHICH MIGHT TEND TO INCRIMINATE YOU.  DO YOU

22  WAIVE THAT RIGHT?

23         THE DEFENDANT:  YES, SIR.

24         THE COURT:  GEORGE MARTHA, YOU ARE FURTHER ADVISED THAT

25  IF YOU ARE NOT A CITIZEN OF THE UNITED STATES, A GUILTY PLEA

26  TO THE CHARGE MENTIONED BY YOUR ATTORNEY COULD SUBJECT YOU

27  TO DEPORTATION, EXCLUSION FROM ADMISSION AND OF DENIAL OF

28  NATURALIZATION.  OBVIOUSLY, IF YOU'RE A CITIZEN, IT DOESN'T

1   APPLY.  IS THAT CLEAR, SIR?

2        THE DEFENDANT:  CAN I FILE FOR CITIZENSHIP WHILE I'M

3   ON PROBATION?

4        THE COURT:  SIR, I'M ADVISING YOU WHAT THE LAW IS.  I'M

5   NOT AN IMMIGRATION EXPERT; I CAN'T ADVISE YOU ON THAT, BUT

6   DO YOU UNDERSTAND THAT PART?

7        THE DEFENDANT:  YES, SIR.

8        MR. CONROY:  LET ME JUST TAKE ONE MINUTE HERE.

9        (THE DEFENDANT CONFERRED WITH COUNSEL.)

10       THE COURT:  YOU UNDERSTAND THAT, SIR?

11       THE DEFENDANT:  YES, SIR.

12       THE COURT:  MR. MARTHA, YOU'LL BE PLACED ON PROBATION

13   FOR THREE YEARS.  IF YOU VIOLATE ANY OF THE TERMS OF THAT

14   PROBATION, YOU MAY BE SENTENCED TO THE STATE PRISON UP TO

15   THREE YEARS WITHOUT A TRIAL.  IS THAT CLEAR?

16       THE DEFENDANT:  YES, SIR.

17       THE COURT:  LASTLY, MR. MARTHA, YOU ARE ADVISED THAT MY

18   TAKING THE PLEA AT THIS TIME DOESN'T BIND ME.  IF I CAN'T

19   GIVE YOU THIS AGREEMENT THAT WE HAVE, YOU CAN TAKE BACK YOUR

20   GUILTY PLEA AND GO TO TRIAL.  IS THAT CLEAR?

21       THE DEFENDANT:  I UNDERSTAND.

22       THE COURT:  GEORGE MARTHA, WHAT'S YOUR PLEA TO A

23   VIOLATION OF 422 OF THE PENAL CODE AS A FELONY AS IT APPEARS

24   IN COUNT 1 OF THE INFORMATION?

25       THE DEFENDANT:  GUILTY.

26       THE COURT:  MR. CONROY, BASED ON THE EVIDENCE RECEIVED

27   BY YOU PURSUANT TO DISCOVERY, IS THERE A FACTUAL BASIS FOR

28   THE PLEA?

1     MR. CONROY:  SO STIPULATED.

2     THE COURT:  MS. BREALL?

3     MS. BREALL:  YES, SO STIPULATED.

4     THE COURT:  THE COURT ACCEPTS THE GUILTY PLEA.  THE

5     COURT FINDS THAT THIS DEFENDANT IS GUILTY OF THE CHARGE,

6     OBVIOUSLY.

7     THE COURT FINDS THE DEFENDANT WAS FULLY ADVISED OF HIS

8     RIGHTS, THAT HE UNDERSTOOD HIS RIGHTS, THAT HE FREELY AND

9     VOLUNTARILY WAIVED HIS RIGHTS AND THAT HE ENTERED INTO THE

10    GUILTY PLEA WELL KNOWING THE CONSEQUENCES OF THAT PLEA.

11    WHAT DATE DO YOU RECOMMEND, MR. CONROY?

12    MR. CONROY:  YOUR HONOR, MAY WE HAVE THE 17TH OF

13    JANUARY?

14    THE COURT:  SURE.  I'M NOT SURE WE CAN MAKE IT ON THE

15    17TH.  I KNOW FOR SURE WE CAN MAKE IT ON THE 20TH.  I THINK

16    THE 17TH MAY BE --

17    MR. CONROY:  COULD WE TRY FOR THE 17TH, AND I WILL

18    TRY --

19    THE COURT:  JANUARY 17TH.

20    MR. CONROY:  THANK YOU VERY MUCH.

21    THE COURT:  WE'LL NEED TWO DOCUMENTS BEFORE THE PLEA

22    CAN GO THROUGH:  ONE IS THE REPORT FROM DR. LEVY ADVISING US

23    THAT MR. MARTHA IN HIS OPINION DOESN'T POSE A DANGER TO

24    OTHERS AND TO HIMSELF; AND, SECONDLY, WE MUST HAVE A ONE-WAY

25    PLANE TICKET ON A DIRECT FLIGHT FROM SAN FRANCISCO TO

26    CHICAGO ON THAT DAY.

27    AND MR. CONROY, ASSUME FOR THE SAKE OF ARGUMENT WE CAN

28    SETTLE THIS CASE AND SENTENCE THIS DEFENDANT BY 9:00

8

1   O'CLOCK.   I BELIEVE THAT THE FLIGHT IN QUESTION SHOULD BE
2   ABOUT 11:00 O'CLOCK IN THE MORNING.

3       MR. CONROY:   WELL, ACTUALLY, JUDGE, WHAT I WOULD
4   PROPOSE IS THIS, YOUR HONOR. I WOULD GET A FLIGHT THAT LEFT
5   6:00 P.M. OR LATER ON THE 17TH.   THE REALITY IS HE MIGHT BE
6   HERE ALL DAY UPSTAIRS.

7       THE BAILIFF:   I WOULD REQUEST THEY EXPEDITE IT.

8       THE COURT:   I DON'T WANT HIM HERE IN THE CITY;
9   OTHERWISE, HE'S GOT TOO MUCH FREE TIME.   ANYTHING CAN
10   HAPPEN, MR. CONROY.

11       MR. CONROY:   WE APPRECIATE THAT.   ALSO, IF EVERYONE
12   DOES THEIR BEST AND HE MISSES THE PLANE -- MY SUGGESTION IS
13   WHAT ABOUT 3:00 O'CLOCK IN THE AFTERNOON?

14       THE COURT:   IS THERE A FLIGHT GOING BACK TO CHICAGO AT
15   3:00 O'CLOCK?

16       THE DEFENDANT:   THERE'S FLIGHTS THAT LEAVE SAN
17   FRANCISCO INTERNATIONAL ABOUT FOUR OR FIVE TIMES A DAY FROM
18   SOUTHWEST AIRLINES, IF NOT THERE, OAKLAND.

19       THE COURT:   ISN'T SOUTHWEST OVER IN OAKLAND?

20       THE DEFENDANT:   SOUTHWEST IS IN OAKLAND AND IN SAN
21   FRANCISCO.

22       THE CLERK:   BOTH PLACES, YOUR HONOR.

23       THE COURT:   YOU'VE BEEN TO CHICAGO FROM HERE?

24       THE CLERK:   YES, YOUR HONOR, THAT'S HOW I HAVE TO GO
25   HOME.

26       THE DEFENDANT:   YOUR HONOR, AM I KICKED OUT OF SAN
27   FRANCISCO OR SOMETHING?

28       THE COURT:   SIR.

1       THE DEFENDANT:  THAT'S WHAT I NEED TO ASK YOU.

2       THE COURT:  YES, YOU ARE.

3       THE DEFENDANT:  I CANNOT --

4       THE COURT:  I'M GLAD YOU ASKED ME THAT.  THE ANSWER IS

5   YES, A COMPLETE YES, BECAUSE WE'RE CONCERNED THAT IF YOU

6   STAY IN SAN FRANCISCO, YOU MIGHT HURT SOMEBODY, NAMELY

7   MS. BARBARY.  YOU ASKED ME.  THAT'S MY OPINION.  THE ANSWER

8   IS YES.

9       THE DEFENDANT:  THIS IS NOW IF I WANTED TO COME BACK

10  TO VISIT IN SAN FRANCISCO OR LIVE IN SAN FRANCISCO, I CAN

11  JUST HAVE MY PROBATION MOVED BACK, RIGHT?

12      THE COURT:  I DON'T KNOW ABOUT THAT.  I DON'T KNOW

13  ABOUT THAT.

14      THE DEFENDANT:  WHAT I'M ASKING YOU IS:  AM I KICKED

15  OUT OF SAN FRANCISCO FOR THREE YEARS?

16      THE COURT:  LET'S PUT IT THIS WAY.  I CAN'T KICK YOU

17  OUT FOR THREE YEARS.

18      THE DEFENDANT:  THAT'S WHAT I'M ASKING.

19      THE COURT:  I'M ONLY SAYING YOU CAN'T HAVE ANY CONTACT

20  WITH MS. BARBARY, EITHER DIRECT OR INDIRECT, DURING THE

21  THREE-YEAR PERIOD OF PROBATION.

22      THE DEFENDANT:  THAT'S FINE.

23      THE COURT:  IF YOU DO VIOLATE PROBATION, YOU'LL BE IN

24  STATE PRISON.

25      THE DEFENDANT:  I UNDERSTAND THOSE RIGHTS.  THANK YOU.

26      THE COURT:  IS THERE A MOTION?

27      THE CLERK:  JUST TO COUNT ONE?

28      MR. CONROY:  RIGHT.

1      THE COURT:   MR. VALENZUELA, HE'S NOT BEING O.R.'ED AT
2  ALL.

3      THE BAILIFF:   NO, YOUR HONOR.

4      THE COURT:   AND WE NEED TO CONTACT DR. LEVY TO HAVE HIM
5  EXAMINED.

6      (DISCUSSION OFF THE RECORD.)

7      THE COURT:   WE'RE ON FOR THE 17TH OF JANUARY.   IF THE
8  PLANE TICKET IS NOT AVAILABLE OR IF LEVY'S REPORT IS NOT
9  AVAILABLE, NOTHING GOES THROUGH; THAT'S ALL THERE IS TO IT.

10      MR. CONROY:   I UNDERSTAND.

11      THE COURT:   YOUR MOTION TO HAVE THE CHARGES DISMISSED
12  IS TAKEN UNDER SUBMISSION AND THE COURT WILL RENDER A
13  DECISION ON JANUARY 17TH.

14      MS. BREALL:   THANK YOU.

15      (WHEREUPON, THE PROCEEDINGS CONCLUDED.)

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIbIT (c)

$13^2$

## INDEX OF ATTACHMENTS

Application for Restriction on Removal (I-589)
George Nimer MARTHA

**Title of Attachment**                                                                **Page**

A   Amnesty International, *Annual Report on
    Worldwide Human Rights Violations, Jordan* (1998)......................................................1

B   Amnesty International, *Annual Report on
    Worldwide Human Rights Violations, Jordan* (1997)......................................................5

C   Amnesty International, *Annual Report on
    Worldwide Human Rights Violations, Jordan* (1996)......................................................8

D   U.S. Department of State, *Report on Human Rights
    Practices, Jordan* (1997) ............................................................................................10

E   Amnesty International, *Worldwide Appeals,
    February 1996* ............................................................................................................26

F   Amnesty International, *Jordan: An Absence of
    Safeguards* (Report, Nov. 1998) ................................................................................29

G   Amnesty International, News Release: *Jordan,
    Amnesty International Calls on the Government to
    End Continuing Human Rights Violations* (Nov. 18,
    1998) ..........................................................................................................................46

H   Freedom in the World: 1997-1998 Country Reports
    (excerpt on Jordan) ....................................................................................................49

I   Countries of the World and Their Leaders:
    Yearbook 1999 (excerpt on Jordan)............................................................................50

J   ABC News, 20/20: *Family Honor Leads to Women
    Killed* (aired Jan. 22, 1999)........................................................................................51

Exhibit 4



MOM is AMERICAN Now.
    SoN
    Dad
    sister



# IMMIGRANT VISA AND ALIEN REGISTRATION

OF AMERICA

DET- 2626276

| (Family name) | (First name) | (Middle name) |
|---|---|---|
| Martha | George | Nimr |

PORT OF _____ O351/NYC

**ACTION OF SPECIAL INQUIRY OFFICER**

I certify that the immigrant named herein arrived in the United States at this port on

GR-911

(Name of vessel or flight No. of aircraft)

and was inspected by me and

OCT 26 1967

CLASS

detained for further inquiry by special officer under

Symbol _____ P2-2

Section _____ of the Immigration and Nationality Act

_____ Immigrant Inspector.

STATISTICS

The immigrant herein was (admitted) (excluded) and { no appeal taken / appeal taken } under

Symbol _____

Section _____ of the Immigration and Nationality Act.

RECEIVED I & N SERVICE 48207 4:57 PM '67

_____ Special Inquiry Officer.

**ACTION ON APPEAL**

ADMITTED

EXCLUDED

DATE

AMERICAN Consulate General

AT Jerusalem

David H. Nack

Vice Consul of the United States of America.

USPHS New York
S. Texler

PASSED

PHOTOGRAPH ATTACHED
FOREIGN SERVICE
UNITED STATES OF AMERICA

Service No. 2424619

Tariff Item No. _____ 21

Fee Paid $20

Local Cy equiv. IL 60.00

Section 212(a)(14) - Not Statutorily Required

This visa is issued under Section 221 of the Immigration and Nationality Act, and upon the basis of the facts stated in the application.

**IMMIGRANT CLASSIFICATION**

| NONQUOTA (Symbol) | QUOTA (Symbol) |
|---|---|
| --- | P2-2 |

VISA PETITION NO., IF ANY
Petition attached

| IMMIGRANT VISA NO. | QUOTA |
|---|---|
| -511- | Palestine |

| ISSUED ON | (Day) | (Month) | (Year) |
|---|---|---|---|
| | 4 | October | 1967 |

THE VALIDITY OF THIS VISA EXPIRES MIDNIGHT AT THE END OF

| (Day) | (Month) | (Year) |
|---|---|---|
| 3 | February | 1968 |

NATIONALITY (If stateless, so state, and give previous nationality)
Jordanian    12-257

**PASSPORT**

NO.
Passport not required under 22 CFR 42.6(a)

OR OTHER TRAVEL DOCUMENTS (Describe)
xxx

ISSUED TO
I-151 MAILED

BY
NOV 4 - 1967

ON
P H U

EXPIRES

FORM FS-511
5-61

16—74667-2    U.S. GOVERNMENT PRINTING OFFICE

Exhibit 6

## DECLARATION OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States over the age of 18 years and not a party to the within action. My business address is 211 Gough Street, Suite 112, San Francisco, California 94102. On August 17, 1999, I served the **RESPONDENT'S MOTION FOR RELEASE ON BOND** on the following parties in the within action as addressed below by causing a true copy to be:

☐    placed in a sealed envelope with postage thereon fully prepaid in the United States mail at San Francisco, California;

☑    delivered by hand;

☐    telecopied by facsimile.

Assistant District Counsel
Office of the District Counsel
550 Kearny Street, Suite 1000
San Francisco, California 94108

Daphna Mendelson

To Whom it may concern,

5/11/00

I am writing you this letter in reference to Mr. George Martha he is my ex-husband
I don't feel afraid of him nor is our 9 year old son Anthony. Mr Martha has been locked up for a very
Long time. I am sure if you release him that he would really turn his life around. It is time for him and
His son to finally get to know one another. He is a good person and deserves a second chance in life. I
I have also gone to court on his behalf and told the judge that I am not afraid of him. So please
give him a chance and let him come and live with his mother and father so he can really be a part of his
sons life. Please take this to heart and let our son start having a father around. Mr Martha only wants to
be in his sons life he writes to him everyday. Now I feel he should be able to do more in person instead.

Thank You,

Vivian Barbary

96001-0880

Probono

PRO BONO-GENERAL (CONTD)

01          SR1-1          219/634

GEORGE NIMER MARTHA
SPECIAL RECORDS (SPECIFIC)
SPECIAL RECORDS: APPLICATION FOR ADVANCE PERMISSION TO RETURN TO UNREL

T A B McCabit Jr.998

CHRONOLOGY OF GEORGE NIMER MARTHA

| | |
|---|---|
| 10/26/67 | GM entered the U.S.; port of entry - New York, NY |
| 1988 | Convicted under PC § 484; JRAD granted |
| 11/2/94 | Charges filed against GM |
| 1/3/95 | GM pled guilty to PC §422 - sentenced to one year and four months - suspended and awarded time served (159 days) and 3 yrs. probation |
| 1/3/95 | INS institutes removal proceedings based on conviction of aggravated felony |
| 10/17/96-12/4/96 | GM in Walden House substance abuse program<br>• kicked out because left the premises w/o staff permission<br>• inappropriate behavior w/females in facility |
| 1/8/97 | Altercation w/mom and sister-in-law; destroyed personal items and furniture; tried to pull ring off mom's finger |
| 1/15/97 | Probation revoked |
| 4/21/97 | GM stipulated to probation violation based on faulty advice about immigration consequences |
| 4/24/97 | Entered San Quentin based on guilty plea (16 mos.) |
| 6/10/97 | Deportation proceedings begin |
| 7/10/97 | Initial parole date |
| 7/11/97 | Detained in Lancaster, CA detention center |
| 7/15/97 | GM request to move to another INS detention center |
| 8/6/97 | Tries to get bail |
| 10/29/97 | Parole violations<br>• use of cocaine (719) discovered through drug testing<br>• use of methamphetamine (778)<br>• reporting a false address (022)<br>• grand theft auto (655) |
| 6/4/98 | GM released on $2000 bond |
| 6/23/98-7/5/99 | GM in Milestones Program |
| 7/10/98 | Notice to Appear issued |
| 10/14/98 | GM admitted into Substance Abuse Treatment Care Unit (SATCU) located at Santa Rita jail |
| 12/7/98 | Case administratively closed by IJ Ramirez<br>IJ Yamaguichi denies application for withholding because failed to establish that it would be more likely than not that he would be subject to persecution. |
| 12/31/98 | Master Calendar custody hearing |
| 2/1/99 | GM filed for restriction of removal |
| 2/12/99 | IJ Hearing and Decision |
| 3/8/99 | Appeal of IJ decision to BIA |
| 3/11/99 | Incident in Kern County jail |
| 4/13/99 | DOJ files opposition to GM's appeal of IJ decision to BIA |
| 5/4/99 | INS Motion to administratively close the case (GM in Santa Rita jail) |

# SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO • PROBATION ORDER

SAN FRANCISCO ADULT PROBATION DEPARTMENT • 880 BRYANT ST. ROOM 200 • SAN FRANCISCO, CA 94103 (415) 553-1704

| 'FENDANT'S LAST NAME | FIRST | MIDDLE | SC # | MC# | COURT DATE | DEPT. NO. |
|---|---|---|---|---|---|---|
| Martha | George | Nimer | 157784 | 1533143 | 01/17/95 | 25 |

| .A | | | APD NO. | FILE NO. | SFPD NO. | JUDGE |
|---|---|---|---|---|---|---|
| | | | 345511 | | 422949 | Louie |

| ODRESS | OFFENSE |
|---|---|
| 4409 North Kedzie | 422 PC |

| | SOCIAL SECURITY NO. | CONVICTED BY | CII NO. |
|---|---|---|---|
| Chicago, Illinois  60625 | 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 | | A08310586 |

☐ INTERPRETER NEEDED/SPECIFY LANGUAGE       RECEIVED DATE    COMMUNITY SERVICES SUPERVISOR

| .D.B. | P.O.B. | SEX | PHONE NO. | CASELOAD NO. | C/S PROBATION OFFICER | PHONE |
|---|---|---|---|---|---|---|
| 06/01/67 | PAlestine, IS. | M | 312-588-5539 | | | |

| VESTIGATING PO, EXTENSION | DA | DEFENSE ATTORNEY |
|---|---|---|
| Diane Bekk | Susan Breall | E. Contoy |

## COURT ACTION

THE ABOVE NAMED DEFENDANT, BEING PRESENT IN COURT AND HAVING BEEN CONVICTED OF VIOLATION(S) OF SECTION(S)

IT IS HEREBY ORDERED THAT:

☐ A: IMPOSITION OF SENTENCE SUSPENDED.    ☐ _____ YEARS STATE PRISON SUSPENDED ☐ BWI

☐ B: PROBATION BE DENIED AND THE DEFENDANT SENTENCED TO: ☐ STATE PRISON ☐ CALIFORNIA YOUTH AUTHORITY.

☒ PROBATION GRANTED FOR____3____ YEARS COMMENCING ON __1-17-95.

## TERMS AND CONDITIONS

1. ☒ SERVE_____DAYS/MONTHS/ONE-YEAR IN THE COUNTY JAIL / ___CTS
   ☐ THRU SWAP: SURRENDER DATE_____ (AND PAY SWAP FEES AS DETERMINED)

1A. ☐ NO WORK FURLOUGH / ☐ NO COUNTY PAROLE / ☐ NO EARLY RELEASE.
B. ☐ WORK FURLOUGH PERMITTED / SOX_____
C. ☐ MAY BE SERVED IN LIVE-IN DRUG TREATMENT PROGRAM.

2. ☐ WARRANTLESS SEARCH CONDITION AS TO DEFENDANT'S PERSON, PREMISES OR VEHICLE: ANY TIME DAY OR NIGHT, WITH OR WITHOUT PROBABLE CAUSE, BY ANY PEACE, PAROLE, OR PROBATION OFFICER.

3. ☐ WEAPONS: DO NOT POSSESS ANY FIREARM OR ANY OTHER DANGEROUS OR DEADLY WEAPON.

4. ☐ ALCOHOL: DO NOT DRINK ALCOHOLIC BEVERAGES.

5. ☒ SUBMIT TO: DRUG/CHEMICAL TESTING AS DIRECTED BY THE PROBATION OFFICER.

6. ☐ DRIVING: DO NOT DRIVE WITHOUT A VALID DRIVER'S LICENSE AND INSURANCE.

7. ☐ NOT TO DRIVE WITH ANY MEASURABLE ALCOHOL IN BLOOD.

8. ☐ DRIVER'S LICENSE:

9. ☐ OBTAIN/CONTINUE IN PATIENT/OUT PATIENT DRUG/ALCOHOL/PSYCHIATRIC TREATMENT

10. ☐ DO NOT THREATEN, MOLEST, HAVE NO WRITTEN, TELEPHONE, PERSONAL OR THIRD PARTY CONTACT WITH_____

☒ NOTIFY THE PROBATION OFFICER IMMEDIATELY WHEN YOU CHANGE YOUR RESIDENCE OR EMPLOYMENT.

☒ OBEY ALL LAWS. FEDERAL LAW PROHIBITS ANY CONVICTED FELON FROM POSSESSING A FIREARM.

☒ REPORT TO THE PROBATION OFFICER MONTHLY, OR AS DIRECTED. FAILURE TO REPORT IS A VIOLATION OF THE TERMS OF YOUR PROBATION.

11. ☐ REGISTER PURSUANT TO PROVISIONS OF: [ ] 290PC  [ ] 457.1PC
    [ ] 11590 H&S

12. ☐ PAY RESTITUTION TO THE VICTIM IN THE AMOUNT OF$_____ OR IN AN AMOUNT AND MANNER TO BE DETERMINED BY THE COURT, OR THE PROBATION OFFICER, PLUS 10% ADMINISTRATIVE FEE.

13. ☐ RESTITUTION TO INCLUDE OUT OF POCKET EXPENSES ONLY.

14. ☐ PAY RESTITUTION TO THE RESTITUTION FUND PURSUANT TO SECTION 1203.04P.C. IN AN AMOUNT OF:_____

15. ☐ PAY A RESTITUTION FINE TO THE RESTITUTION FUND IN THE AMOUNT OF $_____ PURSUANT TO SECTION 13967 OF THE GOVERNMENT CODE, PLUS 10% ADMINISTRATIVE FEES.
    ☐ SAID RESTITUTION FINE TO BE STAYED PENDING PAYMENT OF RESTITUTION, STAY TO BECOME PERMANENT UPON SUCCESSFUL COMPLETION OF PROBATION.

16. ☐ PERFORM_____ HOURS OF COMMUNITY SERVICE.

17. ☐ PAY PROBATION COSTS AT THE RATE OF $_____ /MO. IN A MANNER DETERMINED BY THE PROBATION OFFICER.

18. ☐ PAY $_____ FINE PLUS PENALTY ASSESSMENT TO THE CASHIER'S OFFICE OF THE ADULT PROBATION DEPT. IN SUCH MONTHLY INSTALLMENTS AS DIRECTED BY THE PROBATION OFFICER.

19. ☐ PAY A $_____ CRIMINAL ANALYSIS FEE PURSUANT TO SECTION 11372.5 HEALTH AND SAFETY CODE ON EACH COUNT.

20. ☐ PAY ATTORNEY FEE RECOUPMENT PURSUANT TO 987.8PC IN AN AMOUNT OF:

21. ☐ PAY $_____ AIDS EDUCATION FINE PURSUANT TO P.C. 1463.23

22. ☐ PAY THE COST OF INCARCERATION IN THE AMOUNT OF $_____

23. ☐ OTHER CONDITIONS_____

24. ☐ POSSESS NO DRUGS WITHOUT PRESCRIPTION.

25. ☐ PROGRESS REPORT ORDERED FOR_____ DATE IN DEPT#_____

☒ NOTIFY THE PROBATION OFFICER OF ANY ARRESTS NO MORE THAN 24 HOURS AFTER THEY OCCUR. (EXCLUDING WEEKENDS AND HOLIDAYS)

I ACKNOWLEDGE THAT PROBATION OFFICER HAS EXPLAINED ABOVE CONDITIONS

X_____  DEF INIT_____  DATE

_____     _____
SIGNATURE OF DEFENDANT          DATE

_____     _____        _____     _____
SIGNATURE OF COURT CLERK/COURT OFFICER   DATE      SIGNATURE OF PROBATION OFFICER    DATE

NOV 3 0

THE ANNEXED INSTRUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE. ATTEST:

San Fr
PARK SUPT
CLERK

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## SINGLE OR CONCURRENT COUNT FORM

(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290.1

☒ SUPERIOR
☐ MUNICIPAL } **COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
☐ JUSTICE

COURT (I.D.)
S 38

**BRANCH OR JUDICIAL DISTRICT:**

**FILED**
San Francisco County Superior Court

**APR 1 1 1997**

ALAN CARLSON, Clerk
BY: Esther Berick
Deputy Clerk

**PEOPLE OF THE STATE OF CALIFORNIA** versus

**DEFENDANT:** George N. Martha
AKA:

☒ PRESENT
☐ NOT PRESENT

SC# 157784

**COMMITMENT TO STATE PRISON**
**ABSTRACT OF JUDGMENT**

**AMENDED**
**ABSTRACT** ☐

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 04 08 97 | 25 | Lee D. Baxter | Esther Berick |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| LaVena Ward Page | Barge, G. | Wise, D. | 345511 |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | TERM (L.W.O) | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 422 p | Terrorist Threats | 94 | 01 | 03 | 95 | | | X | L | 1 | 4 |

2. **ENHANCEMENTS** charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each fine and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. **ENHANCEMENTS** charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 567-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more repeat the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

THE ANNEXED INSTRUMENT IS A
CORRECT COPY OF THE ORIGINAL
ON FILE IN MY OFFICE.
ATTEST: CERTIFIED

NOV 3 0 2000

GORDON PARK-LI, Clerk
San Francisco County Superior Court
DEPUTY CLERK

5. TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT):

6. TOTAL TERM IMPOSED: —   | 1 | 4 |

7. ☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S): ☐

8. EXECUTION OF SENTENCE IMPOSED:
A. ☐ AT INITIAL SENTENCING HEARING   B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. ☒ AFTER REVOCATION OF PROBATION   D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))   E. ☐ OTHER

| 9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| 04 08 97 | | 384 | INCLUDING: 256 | 128 | ☐ DMH   ☐ CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
☒ FORTHWITH   ☐ INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:   ☒ AFTER 48 HOURS EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS   ☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA   ☐ CALIF. MEDICAL FACILITY – VACAVILLE   ☐ SAN QUENTIN   ☒ CALIF. INSTITUTION FOR MEN – CHINO   ☒ DEUEL VOC. INST.
☒ OTHER (SPECIFY): Stay of surrender to 04-21-97.

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| Esther Berick | 04-11-97 |

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

**ABSTRACT OF JUDGMENT – COMMITMENT**
**SINGLE OR CONCURRENT COUNT FORM**
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
**FORM DSL 290.1**

Form Adopted by the Judicial Council of California Effective April 1, 1992

DISTRIBUTION:   PINK COPY – COURT FILE   YELLOW COPY – DEPARTMENT OF CORRECTIONS

## DECLARATION OF BRENDAN P. CONROY

I, Brendan Patrick Conroy, do hereby declare:

1.    I am an attorney admitted to practice law in California.

2.    I represented George N. Martha as his criminal defense counsel, concerning terrorist threats charges which ultimately resulted in a conviction in 1995.

3.    I was advised that Mr. Martha was a Lawful Permanent Resident of the United States at the time I was representing him.

4.    I was aware that a conviction for terrorist threats under Penal Code 422, the charge that Mr. Martha was facing at the time I represented him, might result in his deportation.

5.    I am aware that Mr. Martha indicates that he and I talked about a possible INA § 212(c) waiver. Although I do not have a specific recollection, it is my usual practice to discuss that with my clients. I understand that Mr. Martha ultimately decided to enter a guilty plea in part based on the availability of this waiver.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge, information and belief. Executed this/5 day of June 2001 at San Francisco, California.

Brendan P. Conroy

STATE OF CALIFORNIA
GA-22 (9/92)

**INMATE REQUEST FOR INTERVIEW**

DEPARTMENT OF CORRECTIONS

| DATE | TO | | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|---|
| 12-17-06 | Records Dept | | Martha George | T-69137 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | |
|---|---|---|---|---|
| B-6-115 | UP | 3RD Watch Portor | FROM PM | TO PM |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | |
|---|---|---|
| E.O.P | FROM | TO |

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Since My Immigration hold hAs been cAncelled on Nov-28-2006
Am I Free to parole in MArch 2007 with out any WArrAnts
WAnts or Hold's? Please Answer the question ThAnk you.
My FAther wAnts to pick me up on my DAte.         ThAnks,

Do NOT write below this line. If more space is required, write on back.

| INTERVIEWED BY | | | | | DATE |
|---|---|---|---|---|---|
| You Show NO Holds placed at this time. | | | | | 12-19-06 |

DISPOSITION

D. Lowenberg / HWP

(Also I Know my DAte is    6-21-07 ) But in JAN 2007 I Set
                                        my time BAck.

**U.S. Department of Justice**

Immigration and Naturalization Service

# Immigration Detainer - Notice of Action

| | |
|---|---|
| File No. | A17 796 939 |
| Date: | August 31, 2005 |

| To: (Name and title of institution) | From: (INS office address) |
|---|---|
| Mule Creek State Prison (MCSP) | DHS / ICE, Bakersfield |
| 4001 Highway 104, Ione CA 95640 | 800 Truxtun Ave, Suite 109 |
| 209-274-4911, 209-274-5944 (fax) | Bakersfield, CA 93301 |
| OR Any Subsequent Law Enforcement Agency | (661) 328-4500, FAX (661) 328-4599 |

Name of alien: _MARTHA, George Nimer_    FBI: 545070FA2    CDC: T69137

Date of birth: _June 1, 1967_   Nationality: _____ Jordan _____ Sex: _____ Male

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

_____
(Date)

☐   A warrant of arrest in removal proceedings a copy of which is attached was served on

_____
(Date)

☐ Deportation or removal from the United States has been ordered.

## It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling (916)930-3660    during business hours or   802-872-6020    after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☐ Please return a signed copy via facsimile to _____
       Area code and facsimile number)

Return fax to the attention of _____ at _____
     (Name of INS officer handling case)        (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____

_____           Deportation Officer
(Signature of INS official)           (Title of INS official)

**Receipt acknowledged:**

Date of latest conviction: _____ Latest conviction charge: _____

Estimated release date: _____

Signature and title of official: _____

STATE OF CALIFORNIA

**INMATE NOTIFICATION AND AGENCY**

**ACKNOWLEDGEMENT OF DETAINER RECIEPT**
CDC 661(REV 10/00)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:

ORIGINAL – AGENCY
COPY – INMATE
COPY – C-FILE

| INMATE NOTIFICATION OF DETAINER RECEIPT | | | |
|---|---|---|---|
| INMATE' NAME | AKA | CDC NUMBER | TODAY'S DATE |
| MARTHA, GEORGE | | T-69137 | August 31, 2005 |

FACILITY NAME AND ADDRESS

MULE CREEK STATE PRISON  P. O. BOX 409099 IONE, CA 95640

On ___August 31, 2005_____ a detainer was filed against you. This detainer indicates that you are

wanted by___U.S. IMMIGRATION & NATURALIZATION SERVICE_____.

on a charge of__SUSC 1251 – POSSIBLE DEPRORTATION___ based on Warrant Number___A17796939_____.

**YOU ARE HEREBY NOTIFIED** (refer only to item(s) marked):

☐ You may request disposition of untried charged in accordance with Penal Code (PC) Section 1381.

☐ You may request disposition of probation in accordance with PC Section 1203.2a.
for California Counties only.)

☐ You may request disposition of untried charged in accordance with PC Section 1389. (See Agreement on Detainer Form I, CDC 1664 attached.)

☐ You may request to be returned to this jurisdiction for concurrent service of terms In re Stoliker.

If you are wanted by those authorities to complete service of an unexpired commitment in that jurisdiction and if your present California Commitment has been ordered to run concurrently with that previous commitment, you may be eligible for transfer to that jurisdiction under In re Stoliker, 49 Cal. 2d 75.

If you believe that you meet the above criteria, you may make a request to the Director, in writing and through the institution records office, asking that you be made available to those terms may m concurrent. If the Director grants your request, a letter will

be sent to those authorities notifying them of your present staus and of the fact that you are available to them.

Those authorities may then either: (1) request that you be transferred to them in which case you will be transferred, you sentence will run Concurrently, and a detainer will be placed against you by California for your return should you complete their sentence first; (2) designate this institution as the place for service of your commitment to them in which case you will acquire the benefit of concurrent terms; (3) deny your Request in which case your only recourse will be in the courts of that jurisdiction.

☐ Pursuant to PC Section 11177.1, Uniform Act for Out-to State Probationer of Parolee Supervision, you nay waive a court appearance.  See the attached CDC Form 1899, Waiver of Court Appearance – Return to Sending State.

☒ None of the above are applicable in this case.

**If the subject inmate wishes to exercise any of the above marked alternatives, he/she should direct a written request to his/her Institution records office.**

| RECEIPT ACKNOWLEDGED (INMATE'S SIGNATURE) | CDC NUMBER | DATE | AUTHORIZED STAFF'S SIGNATURE |
|---|---|---|---|
| | T 69137 | 9-6-05 | |

| ACKNOWLEDGEMENT TO AGENCY | | | |
|---|---|---|---|

TO (AGENCY'S NAME AND ADDRESS)
U.S. IMMIGRATION & NATURALIZATION SERVICE. .
801 CAPITOL MALL
SACRAMENTO, CA  95814

This is to acknowledge receipt of your detainer on the above identified subject. Notations have been entered into our records that the

subject is Wanted by your agency. Should this detainer not be recalled, we will notify your office n advance of the subject's scheduled release date of:_____3-23-2007_____.

Please note: the scheduled release date is subject to change.

Questions regarding this notification and acknowledgement may be directed to:

| INSTITUTION NAME | MULE CREEK STATE PRISON |
|---|---|
| ADDRESS | PO BOX 409099, IONE CA 95640 |
| CONTACT PERSON | O. LOWENBERG |
| TELEPHONE NUMBER | (209) 274-4911 EXT 5116 |

 

**U.S. Department of Justice**
Immigration and Naturalization Service

**Order of Supervision**

File No: A17 796 939

Date: May 24, 2000

Name: MARTHA, George Nimer

On January 6, 2000 _____ , you were ordered:
(Date of final order)

☐ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
☒ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

☒ That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

☒ That you do not travel outside _____ the State of California _____ for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

☒ That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

☒ That you report in person on the 2nd Wed. day of every month to this Service office at:
630 Sansome Street, Room 113, San Francisco, CA 94111,
~~unless you are granted written permission to report on another date.~~

☒ That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

☒ Other: You must complete ~~one year~~ treatment at Milestones, 291 Tenth Street, San Francisco, CA 94103.
Must continue treatment @ Milestones thru February 20[c].

☐ See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____
(Signature of INS official)

Roberto A. Morales, Deputy Assistant District Director
(Print name and title of INS official)

---

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____ English _____ language)
the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may
subject me to a fine, detention, or prosecution.

_____
(Signature of INS official serving order)

X _____
(Signature of INS alien)

May 24, 2000
(Date)

Form I-220B (Rev. 4/1/97)N

IMMIGRATION COURT
550 KEARNY ST., SUITE 800
SAN FRANCISCO, CA 94108

In the Matter of

*Martha, George Nimer*
Respondent

Case *14-496-939*

IN REMOVAL PROCEEDINGS

### ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on *November 19, 2001*.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[  ]  The respondent was ordered removed from the United States to _____.
[  ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to _____ or in the alternative
     to _____.
[  ]  Respondent's application for voluntary departure was granted
     until _____ upon posting a bond in the amount of $_____ by
     _____ for each Respondent.
     with an alternative order of removal to_____.
[  ]  Respondent's application for asylum was ( ) granted  ( ) denied
     ( ) withdrawn    ( ) other.
[  ]  Respondent's application for withholding of removal was ( ) granted
     ( ) denied  ( ) withdrawn  ( ) other.
[  ]  Respondent's application for cancellation of removal under section
     240A(a) was ( ) granted  ( ) denied  ( ) withdrawn  ( ) other.
[  ]  Respondent's application for cancellation of removal under section
     240A(b) was ( ) granted  ( ) denied  ( ) withdrawn  ( ) other.  If
     granted, it was ordered that the respondent be issued all appropriate
     documents necessary to give effect to this order.
[X]  Respondent's application for a waiver under section *212(c)* of the INA
     was (X) granted  ( ) denied  ( ) withdrawn  ( ) other.
[  ]  Respondent's application for adjustment of status under section _____
     of the INA was ( ) granted  ( ) denied  ( ) withdrawn  ( ) other.
     If granted, it was ordered that respondent be issued all appropriate
     documents necessary to give effect to this order.
[  ]  Respondent's status was rescinded under section 246 of the INA.
[  ]  Respondent is admitted to the United States as a _____ until _____.
[  ]  As a condition of admission, respondent is to post a $_____ bond.
[  ]  Respondent knowingly filed a frivolous asylum application after
     proper notice.
[  ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[  ]  Proceedings were terminated.
[  ]  Relief under Convention Against Torture ( )granted ( )denied.
[  ]  Other:

     Waived / Appeal:  A / I / B
               Appeal due by:_____

                                        Immigration Judge

Date: 11/19/01

## Craig Fischer, M.D.

*177 LA CASA VIA, SUITE 1 • WALNUT CREEK, CA 94598 • 925-280-8787 • FAX 925-280-8783*

October 11, 1999

Dana Mendelson
211 Gough Street, Suite 112
San Francisco, California 94102
VIA Fax 415-255-9919

Re:     George Martha

Dear Ms. Mendelson,

At your request, I am reporting on my evaluation and treatment of George Martha. As you are aware, Mr. Martha was admitted to Walnut Creek Hospital under my care on September 23, 1999. He remains hospitalized at this time. I have reviewed information sent with him, have interviewed him approximately ten times, and have reviewed his current hospital record.

Mr. Martha was referred to Walnut Creek Hospital by the Immigration and Naturalization Service because his behavior while in custody indicated that he was mentally ill. He reportedly had been diagnosed previously, while in INS custody, as having a bipolar disorder. He had been on medications to treat this disorder, but the medications had been discontinued. He was again demonstrating irritability, poor judgment, and poor impulse control, to the extent that he was placing himself at risk of harm by other inmates.

Based on my evaluation of Mr. Martha, I concur with the diagnosis of Bipolar Disorder, Currently Hypomanic. It is manifest by hyperactivity, increased internal energy, irritability, poor impulse control, impaired judgment, and insomnia. In addition, he is suffering from Psychotic Disorder, Not Otherwise Specified. This latter disorder is most likely the residual of prior amphetamine use, and consists of mild paranoid ideation and infrequent hallucinations.

Mr. Martha's psychiatric disorders are treatable, although he will likely need lifelong treatment, including medication. He currently is in need on ongoing psychiatric hospital treatment, for approximately two to four more weeks. He is taking psychiatric medication to control the symptoms of both of his disorders, currently consisting of Depakote and Neurontin, two mood stabilizing drugs, and Seroquel, an antipsychotic drug. Although still symptomatic, he is responding to treatment.

With treatment, Mr. Martha's prognosis is good. If he continues on medication, he should have minimal or no symptoms. I would anticipate that he would be able to return to be a productive member of society. He should be able to work if he stays in treatment.

Re: George Martha
October 11, 1999
Page 2

Without ongoing treatment, including medication, his prognosis is very poor. He is very likely at least periodically to have significant symptoms of his illness. He is likely to again have poor impulse control, poor judgment, and irritability. I believe he would again quickly get himself in trouble, most likely by provoking others. While in custody, he apparently has often provoked others, thus setting himself up to be victimized. Without medication, he will no doubt continue this pattern. In my opinion, if he is deported to a country where he is unlikely to be continued on medication, and where psychiatric illness is not tolerated or appropriately recognized, his safety would be at significant risk.

You have asked if his psychiatric illness could have been a factor in the incident that led to his arrest, i. e., making threatening remarks to his wife during a phone conservation. Although I obviously have no information as to his mental state at that time, his actions were typical of acutely manic patients. Such patients frequently become hostile and threatening, and often act without any recognition of the consequences of their actions. Impulse control and judgment are usually impaired.

I hope I have provided the information you need. Please let me know if I can be of further assistance.


Very truly yours,


Craig Fischer, M.D.
Diplomate, American Board of Psychiatry
and Neurology

CF:cw
Martha 101199.wpd

**JESS H. GHANNAM, PHD**
1939 DIVISADERO, SUITE 3
SAN FRANCISCO, CALIFORNIA 94115

TEL 415 921 8096 / FAX 415 921 8095

27 October 1999

Dana Mendelson
Attorney at Law
211 Gough Street, Suite 112
San Francisco, CA 94102                    Re: George Martha

Dear Ms. Mendelson:

Per your request I have reviewed the letter from Mr. Martha's psychiatrist, Dr. Craig Fischer, and I am in a position to render an opinion regarding the implications of Mr. Martha's psychiatric condition should he be deported to Jordan.

Let me begin by stating my qualifications. I have a PhD from the University of California at Berkeley and am currently the Chief of Medical Psychology and the Director of Training in the Department of Psychiatry at UCSF-Stanford, Mount Zion. I am a licensed psychologist in the state of California (PSY 9261) and have a private practice in San Francisco. I have been practicing for about 14 years and have worked in the Middle East as a consultant for the past 6 years. My main area of work in Middle East, specifically, in Palestine, Jordan, and Egypt, has been to help establish mental health clinics and training programs to help local professionals improve the quality of care in this region. Mental illness in this part of the world is seen as the "work of the devil" and most people with mental disorders do not have access to modern treatments. Typically they go without treatment or are housed in unregulated locked facilities or simply put in jail and tortured. These conditions frequently make these individual decompensate very quickly and often they do not live very long.

Given that Mr. Martha have a very severe and chronic form of mental illness requiring ongoing treatment for the rest of his life, should he be deported to Jordan it is my professional opinion that his condition would worsen and he would not receive the care that he so badly needs. He would run the risk of decompensating to a condition that could precipitate his early and painful demise. Please feel free to contact me should you have any additional questions or concerns.

Very truly yours,

Jess H. Ghannam, PhD



This is to certify that

George Martha

Has successfully fulfilled his commitment to

Project Ninety Alcohol and Drug Recovery Program

Executive Director

David L. Mills
Director Program Operations

Dated October 18, 2007

Financial Administrator

Counselor

Legal Mail

Copy

Eloy Detention center.
1705 East Hanna Road
Eloy. Az. 85231

PHX P&DC AZ 850

United States Northern District court
450 Golden Gate Ave
San Francisco Ca. 94102
Honorable Susan Illston