Clerk of the court                           5-29-08

CASE # C V- 08-1982
                                    SI

This is paid For in Tucson

But   Exhibit (B)   in Above

Case Number

**FILED**

JUN 0 9 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

George Martha  A 17796939
Name and Prisoner/Booking Number

Eloy Detention center
Place of Confinement

1705 EAST Hanna RD
Mailing Address

Eloy. A2. 85231
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

George Nimer Martha
(Full Name of Plaintiff)                    Plaintiff,

vs.

Michael B Mukasey Attorney,

General For the United States

Immigration Custom Enforcment
                    Certificate of

and all parties on      service
(Full Name of Each Defendant)      Defendant(s).

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

■ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   a. ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
   b. ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   c. ■ Other: (Please specify.) Relief From • Illegal Detention or compensate 1200 perday.

2. Name of Plaintiff: George Martha  A 17796939
   Present mailing address: Eloy Detention center 1705 East Hanna RD Eloy A2. 85231.
   (Failure to notify the Court of your change of address may result in dismissal of this action.)

   Institution/city where violation occurred: Eloy Detention center  1705 - East Hanna RD
   Eloy. A2.  85231

550/555

Two Renaissance square
40 North central Ave
Suite 1200 Phoenix, AZ 85004-4408

3.  Name of first Defendant: __Ms Cynthia M Parsons__. The first Defendant is employed as:
__U.S Governent For AG Mukasey__ at ~~Eloy Detention Center CCA Prison~~
(Position and Title)                                    (Institution) Eloy AZ 85231

Explain how the first Defendant was acting under color of law: __Illegal Detention, Held and denied__
__Bond or Termination of proceeding in A timely Fashion. See 2008 U.S. App. Lexis 866:__
__Nopring Pauling Penulias, Petitoner v. Michael B. Mukasey U.S. AG__

4.  Name of second Defendant: __Warden CCA Prison__. The second Defendant is employed as:
__Correctional Warden Eloy Detention center__ at __1705 East Hanna RD Eloy AZ 85231__
(Position and Title)                                    (Institution)

The second Defendant is sued in his/her: ■ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: __Allowing the Government to__
__Violate the land of the Law. see Penliar v. Mukasey I am not deportable.__
__False Imprisonment Illegal Detention Obstruction of Justice and Kid Nap.__

5.  Name of third Defendant: __Ms Katrina S. Kane__. The third Defendant is employed as:
__Field office Director US. Dept. Justice__ at __2035 N. central Ave. Phoenix AZ 85004__
__Brew (ICE)__   (Position and Title)                                    (Institution)

The third Defendant is sued in his/her: ☐ individual capacity ■ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: __Due process of the law__
__5th amendment, 14th Amendment, cruel and unusual punishment 8th Amendment__
__Mental Torture.__

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
(Position and Title)                                    (Institution)

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____

(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?    ☐ Yes    ■ No  Not on my own.

2.  If your answer is "yes," how many lawsuits have you filed? __NO__. Describe the previous lawsuits in the spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: __N/A_____.
        Defendants: _____
        _____

b.  Court: (If federal court, identify the district; if state court, identify the county.) _____

c.  Case or docket number: _CASE # CV-08-1982_

d.  Claims raised: _ILLegal Detention 2241    Before SUSAN ILLSTON_
    _450 GoldeN GAte Ave SF Ca. 94103    Nov. 28-06_
    _(ICe) Recalled WArrant. Not Removable At All._

e.  Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _

f.  Approximate date lawsuit was filed: _April 16-08_

g.  Approximate date of disposition: _Not yet_

4.  Second prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _N/a_
        Defendants: _____

    b.  Court: (If federal court, identify the district; if state court, identify the county.) _____
        _N/P_

    c.  Case or docket number: _____

    d.  Claims raised: _____

    e.  Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) __

    f.  Approximate date lawsuit was filed: _____

    g.  Approximate date of disposition: _____

5.  Third prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _N/P_
        Defendants: _____

    b.  Court: (If federal court, identify the district; if state court, identify the county.) _____

    c.  Case or docket number: _____

    d.  Claims raised: _____

    e.  Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) ____

    f.  Approximate date lawsuit was filed: _____

    g.  Approximate date of disposition: _____

(If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)

## C. CAUSE OF ACTION

### COUNT I

1.  The following constitutional or other federal civil right has been violated by the Defendant(s): _____
    _____ CASE # A17796939 is not Removable under INA § 237 (a) (2) (iii)
    Not theft or violent

2.  Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count)    ☐ Mail          ☐ Access to the court       ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property       ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☑ Other: _Illegal Detention._ .

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I. Describe exactly what each
    Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal
    authority or arguments).
    _____ Illegal Detention

4.  **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
    _____ Time taken off my life. Mom has Brain tumor, Mom is
    American.    Phone# 925-349-9562

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                              ☑ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count I?            ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?       ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
        why you did not. _ Terminating Proceedings Due to Law._

## COUNT II

1. The following constitutional or other federal civil right has been violated by the Defendant(s): _____
   _____
   _____.

2. Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
   ☐ Mail    ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).
   Illegal Detention
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
   time TAKen 0FF my life. Mom has BRAIN tumer, mom is
   American.    Phone # 925 - 349 - 9562

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☑ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count II?    ☐ Yes    ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?    ☐ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not.    TERMinAting proceeding Due to Law
   _____

## COUNT III

1.  The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____

2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count)　　☐ Mail　　　　☐ Access to the court　　☐ Medical care
    ☐ Disciplinary proceedings　　☐ Property　　☐ Exercise of religion　　☐ Retaliation
    ☐ Excessive force by an officer　☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III. Describe exactly what each
    Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal
    authority or arguments).

ILLegal Detention

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4.  **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).

time taken off my life, mom has Brain tumor, mom is
American    Phone # 925 - 349 - 9562

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?　　　　　　　　　　　　　　　　　　☒ Yes　☐ No
    b.  Did you submit a request for administrative relief on Count III?　　☐ Yes　☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?　☐ Yes　☐ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
        why you did not.  Terminating Proceeding Due to Law

_____

(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

Seek $1200.00 per day since 2008 U.S. App
Lexis 8663. Apirl 22-08 til present

Penuliar, and Petitioner
Michael B. Mukasey
No - 03-71578

I have the identical case and Being held Unlawfully
By (Ice)

TWELVE Hundred Dollars per day is Illegal Detention
Fee For Federal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___5-29-08___            _____
         DATE                        SIGNATURE OF PLAINTIFF

___George Martha___
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)
ELoy Detention Center
1705 E. Hanna Road
Eloy AZ 85231
N/A
(Attorney's address & telephone number)

concord California # 925
                      349-9562

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.

1 of 4 DOCUMENTS

**NOPRING PAULINO PENULIAR, Petitioner, v. MICHAEL B. MUKASEY, Attorney General, Respondent.**

**No. 03-71578**

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

*2008 U.S. App. LEXIS 8663*

**April 22, 2008, Filed**

**PRIOR HISTORY:** [*1]

On Remand from the United States Supreme Court. Agency No. A44-948-659.
*Gonzales v. Penuliar, 127 S. Ct. 1146, 166 L. Ed. 2d 992, 2007 U.S. LEXIS 1166 (U.S., 2007)*

**DISPOSITION:** PETITION GRANTED.

**COUNSEL:** Joel S. Feldman, Paul J. Zidlicky, and Melanie Jo Triebel, Sidley Austin LLP, Chicago, Illinois, for the petitioner.

Jennifer Paisner, Office of Immigration Litigation, U.S. Department of Justice, Civil Division, Washington, D.C., for the respondent.

**JUDGES:** Before: James R. Browning, Harry Pregerson, and Marsha S. Berzon, Circuit Judges.

**OPINION BY:** Pregerson

**OPINION**

PREGERSON, Circuit Judge:

Nopring Paulino Penuliar petitions for review of a decision of the Board of Immigration Appeals ("BIA"). Penuliar, a lawful permanent resident, pled guilty to two counts of unlawful driving or taking of a vehicle in violation of *California Vehicle Code § 10851(a)*, and one count of evading an officer in violation of *California Vehicle Code § 2800.2(a)*. Classifying both convictions as "aggravated felonies" under the Immigration and Nationality Act ("INA"), an Immigration Judge ("IJ"), affirmed by the BIA, found Penuliar ineligible for

cancellation of removal and voluntary departure, and ordered that Penuliar be deported pursuant to *8 U.S.C. § 1227(a)(2)(A)(iii)*.

We granted Penuliar's petition for review, *Penuliar v. Gonzales, 435 F.3d 961 (9th Cir. 2006)*, [*2] but the Supreme Court vacated our decision,*Gonzales v. Penuliar, 127 S. Ct. 1146, 166 L. Ed. 2d 992 (2006)*, and remanded to us for further proceedings in light of *Gonzales v. Duenas-Alvarez, 549 U.S. 183, 127 S. Ct. 815, 166 L. Ed. 2d 683 (2007)*.

Because we again conclude that Penuliar's convictions do not constitute "aggravated felonies" under the INA, we grant his petition for review.

BACKGROUND

Nopring Paulino Penuliar, a citizen of the Philippines, was admitted to the United States on June 12, 1995, as a lawful permanent resident. On June 30, 2000, Penuliar pled guilty to one count of unlawful driving or taking of a vehicle in violation of *California Vehicle Code § 10851(a)*, and was sentenced to two years imprisonment. On December 13, 2000, Penuliar pled guilty to another count of unlawful driving or taking of a vehicle in violation of *California Vehicle Code § 10851(a)*, and one count of evading an officer in violation of *California Vehicle Code § 2800.2(a)*. He was sentenced to three years' imprisonment for each charge, to be served concurrently.

While serving his sentence in state prison, the Immigration and Naturalization Service ("INS") [1] served Penuliar with a notice to appear. [2] In the notice to appear, the INS alleged [*3] that

1    The INS ceased to exist on March 1, 2003, when its functions were transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. However, we refer to the agency as the INS here because the proceedings in this case were instigated before the transfer.

2    The initial notice to appear charged that Penuliar was removable under *8 U.S.C. § 1227(a)(2)(A)(iii)*, because he had been convicted of "an offense relating to obstruction of justice," an "aggravated felony" under *8 U.S.C. § 1101(a)(43)(S)*. The IJ ruled that Penuliar's convictions did not constitute offenses "relating to obstruction of justice," and the government did not appeal that decision to the BIA. Accordingly, that decision is not before us. The remaining charges, which are before us, were included in an amended notice to appear.

Penuliar was removable for being convicted of "a crime of violence (as defined in *section 16* of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year," an "aggravated felony" under *8 U.S.C. § 1101(a)(43)(F)*. The INS also alleged that Penuliar was removable for being convicted of "a [*4] theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year," an "aggravated felony" under *8 U.S.C. § 1101(a)(43)(G)*.

At Penuliar's removal hearing, the government introduced into evidence a felony complaint charging Penuliar with, *inter alia*, one count of unlawful driving or taking of a vehicle in violation of *California Vehicle Code § 10851(a)*, and a corresponding abstract of judgment showing that Penuliar pled guilty to that count. The government also introduced a criminal information charging Penuliar with, *inter alia*, one count of unlawful driving or taking of a vehicle in violation of *California Vehicle Code § 10851(a)*, and one count of evading an officer in violation of *California Vehicle Code § 2800.2(a)*, and a corresponding abstract of judgment showing that Penuliar pled guilty to both counts. Finally, the government introduced a probation report detailing the conduct underlying the charges in the criminal information.

Based on this evidence, the IJ concluded that Penuliar's two convictions for unlawful driving or taking

of a vehicle were "theft offense[s]" under *8 U.S.C. § 1101(a)(43)(G)*, and that Penuliar's [*5] conviction for evading an officer was a "crime of violence" under *8 U.S.C. § 1101(a)(43)(F)*. Accordingly, the IJ ruled that Penuliar was removable as an "aggravated felon" under *8 U.S.C. § 1227(a)(2)(A)(iii)*, and therefore ineligible for cancellation of removal and voluntary departure. *See 8 U.S.C. §§ 1229b(a)(3), 1229c(a)(1)*.

On March 31, 2003, the BIA summarily affirmed the decision of the IJ. *See 8 C.F.R. § 1003.1(e)(4)*. Penuliar timely filed this petition for review.

## JURISDICTION AND STANDARD OF REVIEW

This court lacks jurisdiction to review a final order of removal against an alien who has committed an aggravated felony. *See 8 U.S.C. § 1252(a)(2)(C)*. Nonetheless, "[b]ecause the issue in this appeal is whether [the petitioner] committed an aggravated felony, and because we have jurisdiction to determine our own jurisdiction, the jurisdictional question and the merits collapse into one." *Ye v. INS, 214 F.3d 1128, 1131 (9th Cir. 2000)* (citation omitted).

We review de novo whether a particular offense is an aggravated felony. *Id.*

## DISCUSSION

To determine whether a conviction is an "aggravated felony" under the INA, we employ the two step test set forth in *Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990)*. [*6] *See Chang v. I.N.S., 307 F.3d 1185, 1189 (9th Cir. 2002)*. First, "we look to the statute under which the person was convicted and compare its elements to the relevant definition of an aggravated felony in *8 U.S.C. § 1101(a)(43)*." *Id.* "Under this 'categorical approach,' an offense qualifies as an aggravated felony 'if and only if the full range of conduct covered by the [criminal statute] falls within the meaning of that term.'" *Id.* (quoting *United States v. Baron-Medina, 187 F.3d 1144, 1146 (9th Cir. 1999)*).

However, when the statute of conviction reaches both conduct that would constitute an aggravated felony and conduct that would not, we follow a "modified categorical approach." *Chang, 307 F.3d at 1189*. Under this approach, we make "a limited examination of documents in the record of conviction to determine if there is sufficient evidence to conclude that a defendant

was convicted of the elements of the generically defined crime." *Id.* "[W]e do not, however, look to the particular facts underlying the conviction." *Lara-Chacon v. Ashcroft, 345 F.3d 1148, 1154 (9th Cir. 2003)* (quoting *Ye, 214 F.3d at 1132*).

### I. Evading an Officer

#### A. Categorical Approach

Under *8 U.S.C. § 1101(a)(43)(F)*, [*7] the term "aggravated felony" means "a crime of violence (as defined in *section 16* of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." Title *18 U.S.C. § 16*, in turn, defines the term "crime of violence" to mean:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

We have construed *18 U.S.C. § 16* as requiring more than mere negligent conduct. *See United States v. Trinidad-Aquino, 259 F.3d 1140, 1145 (9th Cir. 2001)* ("[W]e hold that the presence of the volitional 'use . . . against' requirement in both prongs of *18 U.S.C. § 16* means that a defendant cannot commit a 'crime of violence' if he negligently--rather than intentionally or recklessly--hits someone or something . . . ."). Thus, in *Trinidad-Aquino* we held that because California's driving under the influence statute, *California Vehicle Code § 23153*, can be violated through [*8] mere negligence, a violation of the statute was not a "crime of violence" under *18 U.S.C. § 16. Id. at 1146*.

The Supreme Court recently affirmed this reading of *18 U.S.C. § 16*, holding that a conviction under Florida's drunk driving statute was not a "crime of violence." *Leocal* *, 11-13, 125 S. Ct. 377, 160 L. Ed. 2d* The Court reasoned that "[t]he key phrase in *§ 16(a)*--the 'use . . . of physical force against the person or property of another'--most naturally

suggests a higher degree of intent than negligent or merely accidental conduct." *Id. at 9*. Similarly, the Court held that we "must give the language in *§ 16(b)* an identical construction, requiring a higher *mens rea* than the merely accidental or negligent conduct involved in a DUI offense." *Id. at 11*. The Court concluded that "[i]nterpreting *§ 16* to encompass accidental or negligent conduct would blur the distinction between the 'violent' crimes Congress sought to distinguish for heightened punishment and other crimes." *Id.*

*California Vehicle Code § 2800.2(a)* makes it a crime "[i]f a person flees or attempts to elude a pursuing peace officer in violation of *Section 2800.1* and the pursued vehicle is driven in a willful or wanton disregard [*9] for the safety of persons or property." The statute further provides that "willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under *Section 12810* occur, or damage to property occurs." *Cal. Veh. Code § 2800.2(b)*.

As defined by *subsection (b)*, "willful or wanton disregard" exists if a driver commits three Vehicle Code violations. As one court explained,

> [a]lthough Vehicle Code *section 2800.2* uses the phrase 'willful or wanton disregard for the safety of persons or property' to describe an element of reckless evading, the statute defines this element so that it may be satisfied by proof of property damage or by proof *that the defendant committed three Vehicle Code violations.*

*People v. Pinkston, 112 Cal. App. 4th 387, 392, 5 Cal. Rptr. 3d 274 (Ct. App. 2003)* (emphasis added). Many California Vehicle Code violations, however, do not require reckless or intentional disregard for the safety of persons or property within the meaning of *18 U.S.C. § 16*. 3 In other words, "willful or wanton disregard," [*10] as defined by *California Vehicle Code § 2800.2(b)*, is broader than the traditional *mens rea* of recklessness. *Cf. Trinidad-Aquino, 259 F.3d at 1147* ("Thus, recklessness requires conscious disregard of a risk of harm that the defendant is aware of -- a volitional requirement absent in negligence."). Because it would be possible to engage in

"willful or wanton disregard for the safety of persons or property" by negligently committing three Vehicle Code violations, *Section 2800.2* is broader than a "crime of violence" as defined by *18 U.S.C. § 16.*

> 3    For instance, a traffic violation point can be assessed where a driver owns and operates a car that is "(1) [n]ot registered or for which any fee has not been paid under [the vehicle] code," "(2) [n]ot equipped as required in [the vehicle] code," or "(3) [n]ot in compliance with the size, weight, or load provisions of [the vehicle] code." *Cal. Veh. Code §§ 12810(f), 40001(b)(1)-(3).* In addition, a traffic point may be assessed for, "[e]xcept as provided in *subdivision (i)* [exempting certain conduct where the driver is not the owner of the vehicle], any other traffic conviction involving the safe operation of a motor vehicle upon the highway." *Id.* [*11] *§ 12810(f).*

The government relies on *United States v. Campos-Fuerte, 357 F.3d 956 (9th Cir. 2004)*, in which we held that the offense of evading an officer under the 1992 version of *California Vehicle Code § 2800.2* was a "crime of violence" under *18 U.S.C. § 16*. In reaching this conclusion, we relied on California case law construing "willful or wanton misconduct" as "intentional wrongful conduct." *Id. at 961*. But the meaning of "willful or wanton disregard" in *section 2800.2* has since been amended to include the commission of three California Vehicle Code violations. *See Pinkston, 112 Cal. App. 4th at 391* ("Vehicle Code *section 2800.2, subdivision (b)* . . . was added to *section 2800.2* in 1996."). Because *Campos-Fuerte* relied on the prior meaning of "willful or wanton" in reaching its result, it is not binding in the present case.

Accordingly, we conclude that a conviction for evading an officer in violation of *California Vehicle Code § 2800.2* does not categorically qualify as a "crime of violence" within the meaning of *18 U.S.C. § 16.*

## B. Modified Categorical Approach

In concluding that Penuliar's conviction for evading an officer was a "crime of violence" under *18 U.S.C. § 16*, and hence [*12] an "aggravated felony" under *8 U.S.C. § 1101(a)* ███████████ an three pieces of evidence. The IJ relied on (1) the November 21, 2000, criminal information charging Penuliar with evading an officer in violation of *California Vehicle Code §*

*2800.2(a)*, (2) an abstract of judgment showing that Penuliar pled guilty to that charge, and (3) a probation officer's report. [4] The government did not introduce either Penuliar's plea agreement or a transcript of Penuliar's plea proceeding into the record. Instead, the government argues that the information and abstract of judgment were sufficient for the IJ to determine that Penuliar's conviction for evading an officer was a "crime of violence" under *18 U.S.C. § 16*. We disagree.

> 4    On appeal, however, the government abandons any reliance on the probation officer's report to establish that Penuliar was convicted of a "crime of violence" under the modified approach.

The judicially noticeable documents in the record are insufficient to establish whether Penuliar pled guilty to reckless or negligent conduct. The information charging Penuliar with evading an officer contains nothing more than the generic statutory language from *California Vehicle Code § 2800.2(a)*. [*13] [5] But as discussed above, the statute is broader than the generic "crime of violence" under *18 U.S.C. § 16* because it criminalizes negligent conduct. Thus, the abstract of judgment, which simply recites that Penuliar pled guilty to the charge, is plainly insufficient to establish that Penuliar pled guilty to reckless conduct constituting a "crime of violence." *See United States v. Contreras-Salas, 387 F.3d 1095, 1098 (9th Cir. 2004)* (holding that defendant was not convicted of a crime of violence where information and judgment of conviction failed to establish whether defendant was convicted of "volitional, reckless, or negligent conduct").

> 5    Count three in the November 21, 2000, Information states:
>
> > On or about October 18, 2000, in the County of Los Angeles, the crime of EVADING AN OFFICER, WILLFUL DISREGARD, in violation of *VEHICLE CODE SECTION 2800.2(a)*, a Felony, was committed by NQPRING PAULINO PENULIAR, who did wilfully and unlawfully while operating ███████████ with the intent to evade, flee and otherwise attempt to elude a

pursuing peace officer's motor vehicle while all of the following conditions existed: the peace officer's motor vehicle exhibited at least one lighted [*14] red lamp visible from the front and the defendant(s) saw and reasonably should have seen the lamp, the peace officer's motor vehicle was sounding its siren as was reasonably necessary, the peace officer's motor vehicle was distinctively marked, the peace officer's motor vehicle was operated by a peace officer.

It is further alleged that the defendant(s) drove with a willful and wanton disregard for the safety of persons and property.

Finally, insofar as the IJ relied on the probation report to establish that Penuliar pled guilty to a "crime of violence," he was in error. *See, e.g., United States v. Vidal, 504 F.3d 1072, 1087 n.25 (9th Cir. 2007)* (en banc) (citing *United States v. Franklin, 235 F.3d 1165, 1171 (9th Cir. 2000)* (explaining that a presentence report, even when considered in conjunction with charging papers, is insufficient to establish what facts a defendant admitted in his plea).

Accordingly, we conclude that the BIA erred in affirming the IJ's decision that Penuliar's conviction under *California Vehicle Code § 2800.2(a)* was a "crime of violence" under *8 U.S.C. § 1101(a)(43)(F)*.

II. Unlawful Driving or Taking of a Vehicle

A. Categorical Approach

Under *8 U.S.C. § 1101(a)(43)(G)*, [*15] the term "aggravated felony" means "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." This circuit defines a "theft offense" under *§ 1101(a)(43)(G)* to mean "a taking of property—or an exercise of control over property without consent with the intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *See, e.g., Vidal, 504 F.3d at 1077* (quoting

*Martinez-Perez v. Gonzales, 417 F.3d 1022, 1026 (9th Cir. 2005))*.

Under *California Vehicle Code § 10851(a)*, a person is guilty of unlawful driving or taking of a vehicle if he or she

drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or . . . is *a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing . . . .*

*Cal. Veh. Code § 10851(a)* (emphasis added). As the statute makes plain, *California Vehicle Code § 10851(a)* includes accessory and [*16] accomplice liability. We originally found in *Penuliar v. Gonzales, 435 F.3d 961 (9th Cir. 2006)*, that the broad nature of aiding and abetting liability under California law precluded a finding that *§ 10851(a)* was a generic "theft offense," but the Supreme Court disagreed, holding that a generic "theft offense" includes the crime of aiding and abetting. *See Duenas-Alvarez, 127 S. Ct. at 820.* In so holding, however, the Court expressly declined to address whether *§ 10851(a)* is overbroad because it extends liability to accessories after the fact. *Id. at 822-23.* Accordingly, we granted en banc review in *United States v. Vidal* to resolve the question that the Supreme Court declined to address in *Duenas-Alvarez.*

On October 10, 2007, we gave our answer: A conviction under *§ 10851(a)* does not categorically qualify as a theft offense because it extends liability to accessories after the fact for post-offense conduct. *Vidal, 504 F.3d at 1077.* We explained that, unlike a principal, an accomplice, or an accessory before the fact, an accessory after the fact "had no part in causing the crime," *id. at 1078*, and thus lacked the "criminal [*17] intent to deprive the owner of the rights and benefits of ownership," *id. at 1080* (quotation marks and citation omitted). Accordingly, we concluded that an accessory after the fact cannot be held culpable of generic theft within the meaning of *8 U.S.C. § [?]*

Following *Vidal*, a conviction under *§ 10851(a)* does

not qualify as a "theft offense" under the categorical approach. Therefore, we must now proceed "to the modified categorical approach to determine if the record unequivocally establishes that [Penuliar] was convicted of the generically defined crime, even if the statute defining his crime is overly inclusive." *Id. at 1086* (quotation marks and citation omitted).

## B. Modified Categorical Approach

In concluding that Penuliar committed a "theft offense" within the meaning of *8 U.S.C. § 1101(a)(43)(G)*, the IJ relied on two separate convictions under *California Vehicle Code § 10851(a)*. For the first conviction, the IJ relied on a felony complaint, dated June 1, 2000, charging Penuliar with unlawful driving or taking of a vehicle in violation of *California Vehicle Code § 10851(a)*, and an abstract of judgment showing that Penuliar pled guilty to that charge on June 30, 2000. For [*18] the second conviction, the IJ relied on a criminal information, dated November 21, 2000, charging Penuliar with another count of unlawful driving or taking of a vehicle in violation of *California Vehicle Code § 10851(a)*, and an abstract of judgment showing that Penuliar pled guilty to that charge on December 13, 2000. 6 As was the case with Penuliar's conviction for evading an officer under *California Vehicle Code § 2800.2*, the government did not submit Penuliar's actual plea agreement or a transcript of the plea proceeding.

> 6    The IJ also relied on a probation officer's report that details the facts underlying Penuliar's December 13, 2000, conviction for unlawful driving or taking of a vehicle. However, as previously discussed, the IJ's reliance was misplaced insofar as he used the probation officer's report to establish that Penuliar pled guilty to conduct described therein. *See Vidal, 504 F.3d at 1087, n.25.*

The government argues that because both counts of unlawful driving and taking of a vehicle describe Penuliar as a principal, and because Penuliar pled guilty to both counts, the charging documents and the abstracts of judgment are sufficient to establish that Penuliar was convicted [*19] of a "theft offense" under *8 U.S.C. § 1101(a)(43)(G)*. Again, we disagree. The charging documents for both convictions recite the statutory language from *§ 10851(a)* for unlawful driving or taking of a vehicle under California law, charging Penuliar with "unlawfully driv[ing] and tak[ing] a certain

vehicle . . . then and there the personal property of [another] without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle." 7 As we explained in *Vidal*:

> [A]n indictment that merely recites the language of the statute . . . is insufficient to establish the offense as generic for purposes of a modified categorical analysis. We have repeatedly held that charging documents are insufficient alone to prove the facts to which [the defendant] admitted. When, as here, the statute of conviction is overly inclusive, without a charging document that narrows the charge to generic limits, the only certainty of a generic finding lies . . . in the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea.

*Id. at 1088–89* (internal quotation marks and citations omitted) (second [*20] bracket and second ellipsis in original). We further noted:

> California case law indicates that California prosecutors regularly employ generic charging language similar to that alleged in the 1994 Complaint when prosecuting *section 10851(a)* offenses. In light of this apparent standard prosecutorial practice, we cannot conclude from the 1994 charging document, which likewise simply recited the statutory elements of the offense and inserted the victim's name and car description, that Vidal admitted to the facts as generically alleged.

*Id. at 1088 n.27* (internal citations omitted). As in *Vidal*, the charging documents for both *§ 10851(a)* convictions in this case simply recited the statutory elements of the offense and inserted the victim's name and car description. Accordingly, the June 2000 complaint and the November 2000 information are insufficient to prove that Penuliar pled guilty to *§ 10851(a)* as a principal, rather than an accessory after the fact.

> 7    Count One in the June 1, 2000, felony complaint states:

On or about May 31, 2000, in the County of Los Angeles, the crime of UNLAWFUL DRIVING OR TAKING OF A VEHICLE, in violation of *VEHICLE CODE SECTION 10851(a)*, a Felony, was committed [*21] by NOPRING PAULINO PENULIAR, who did unlawfully drive and take a certain vehicle, to wit, 1994 FORD ESCORT, LICENSE # 3GUM326, then and there the personal property of MARHVIN ATIENZA without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle.

Count Three of the November 21, 2000, criminal information is identical in its language, except that it lists a different car, license number, and owner.

Similarly, the abstracts of judgment for both convictions, which simply recite that Penuliar pled guilty to § *10851(a)*, cannot establish what facts Penuliar admitted in his guilty plea. *See Vidal, 504 F.3d at 1087* ("In order to identify a *[§ 10851]* conviction as the generic offense through the modified categorical approach, when the record of conviction comprises only the indictment and the judgment, the judgment must contain "the critical phrase 'as charged in the Information.'"). Without a plea transcript or other evidence demonstrating the theory under which Penuliar pled guilty, we cannot find that Penuliar pled guilty to § *10851(a)* as a principal.

Another panel of our court recently applied the modified categorical [*22] approach to a § *10851(a)* conviction in *Arteaga v. Mukasey, 511 F.3d 940 (9th Cir. 2007)*. *Arteaga* was decided two months after *Vidal*. After reviewing the evidence of conviction before the IJ, the *Arteaga* panel concluded that *Vidal* was "inapposite" because "applying the *Taylor* modified categorical approach to the facts here reveals that Arteaga was convicted of a theft offense." *511 F.3d at 947.* . . . . . . . the *Arteaga* panel cited *Taylor, 495 U.S. at 602*, for the proposition that "a predicate conviction qualifies as a

generic crime if either its statutory definition substantially corresponds to the generic definition, or the charging paper and jury instructions required the jury to find all elements of the generic crime in order to convict." *511 F.3d at 947-48.*

*Arteaga* did not describe the record before it concerning the conviction or explain what in the record of conviction indicated that the offense of conviction was a generic theft offense. *Arteaga* is therefore not precedent with regard to application of the *Taylor* modified categorical approach to any particular kind of documents or any specific language appearing in those documents. Legal rulings in a prior opinion are applicable [*23] to future cases only to the degree one can ascertain from the opinion itself the reach of the ruling. Where the underlying facts do not appear, later courts are bound by any rule of law explicitly announced, but not by the application of that law to unstated factual circumstances. *Cf. Hart v. Massanari, 266 F.3d 1155, 1172 (2001)* (stating that to determine whether an opinion represents "controlling authority [courts] must parse precedent in light of the facts presented and the rule announced"); *In re Osborne, 76 F.3d 306, 309 (9th Cir. 1996)* ("Insofar as precedent is concerned, stare decisis is important only for the decision, for the detailed legal consequence following a detailed set of facts.").

There was no evidence before the IJ "unequivocally" establishing that Penuliar was convicted of a "theft offense" under 8 U.S.C. § *1101(a)(43)(G)*. *Martinez-Perez, 417 F.3d at 1028.* Therefore, we must conclude that the IJ erred in finding that Penuliar was removable as an "aggravated felon" under *8 U.S.C. § 1227(a)(2)(A)(iii)*.

## CONCLUSION

In sum, we hold that evading an officer in violation of *California Vehicle Code § 2800.2(a)*, is not categorically a "crime of violence" under 8 U.S.C. § *1101(a)(43)(F)*. [*24] We also hold that the evidence was insufficient to establish that Penuliar pled guilty to a "theft offense" within the meaning of *8 U.S.C. § 1101(a)(43)(G)*. We thus conclude that the BIA erred in affirming the IJ's decision that Penuliar pled guilty to a crime of violence" or a "theft offense" under the INA.

**PETITION GRANTED.**

MARTHA, GEORGE NIMER
A#-177-96-939

ELOY DETENTION CENTER
1705 E. HANNA RD
ELOY, ARIZONA 85231

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
ELOY, ARIZONA.

| | |
|---|---|
| MARTHA, GEORGE NIMER | FILE NO: A- 177-96-939 |
| (Name) | |
| A#: 177-96-939 | MOTION TO TERMINATE |
| | REMOVAL PROCEEDINGS |
| RESPONDENT, | |
| | |
| IN REMOVAL PROCEEDINGS | |

## MOTION TO TERMINATE REMOVAL PROCEEDINGS

Respondent, Martha George Nimer, moves this Honorable Immigration Court to terminate his removal proceedings fortwith.

I.    PLEADINGS

    a.  Respondent concedes proper service of the Notice to Appear.

    b.  Respondent admits allegations: 1 (relating to U.S. nationality or citizenship); 2 (relating to admission as a lawful permanent resident).

    c.  Respondent denies the government's alegation with respect to his Israeli citizenship or nationality. Respondent avers that he is a citizen and national of Palestine, which is a country that is not recognized by the United States, thus makes him stateless.

    d.  Respondent denies allegations relating to an alleged

1

1     conviction for violation of California Vehicle Codes §§

2     10851(a)&2800.2, and the allegation relating to the length

3     of the sentence for the preceding allegations.

4 II.      **RESPONDENT IS NOT REMOVABLE UNDER INA §237(a)(2)(iii)**

5     The Department of Homeland Security ("DHS") charges

6 Respondent as removable under §237(a)(2)(iii) of the Immigration

7 And Nationality Act ("INA") for aggravated felonies. DHS alleges

8 that a California Vehicle Code § 10851(a)("section 10851(a)") and

9 ("section 2800.2") violations would render Respondent removable

10 for a theft offense (INA § 1101(a)(43)(G)("(a)(43)(G)") with a

11 term of imprisonment of at least one year, and as an alien who

12 committed a crime of violence for the alleged conviction for

13 violating section 2800.2 of the California Penal Code. 8 U.S.C. §

14 1101(a)(43)(F)[1]. Respondent submits that the Ninth Circuit

15 decision in U.S. v. Vidal, NO: 04-50185(9th Cir.Oct.10,2007),

16 available at http://www.ca9.uscourts.gov/ca9/newopinions.nsf, is

17 squarely on point, and compels the conclusion that he is not

18 removable. Accordingly, Respondent respectfully requests that the

19 Court terminate these proceedings forthwith.

20 III.  **CAL.PENAL CODE §10851 IS NOT CATEGORICALLY AN AGGRAVATED**

21     **"THEFT" OFFENSE**

22     In as much as it is broader than the generic definition,

23 section 10851(a) is not categorically a "theft" for purposes of

24 (a)(43)(G). See Vidal at 13627-47 (holding that section 10851(a)

25    [1] Under 8 U.S.C. § 1101(a)(43(F), the term "aggravated felony" means "a crime of violence (as

26 defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." Title 18 U.S.C. § 16, in turn defines the term

27 "crime of violence to mean:

     (a) an offense that has an element the use, attempted use, or threatened use of physical

28            force against the person or property of another, or

     (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

1   is broader than generic theft). The court held that "...because
2   section 10851(a) extends to accessories after the fact and
3   because the generic theft offense only reaches principals and
4   other similar offenders, we cannot conclude that the "full range
5   of conduct" covered by [section 10851(a)] would sustain a generic
6   theft conviction." See id. at 13647(emphasis added). Respondent
7   would further argue that section 10851(a) is broader than
8   "generic theft," as defined in U.S. v. Corona-Sanchez, 291 F.3d
9   1201,1205 (9th Cir.2002), because it also brings within its sweep
10  the "nontheft" offense of "posttheft driving," joyriding, and de
11  minimis deprivations. While the degree to which section 10851(a)
12  is overbraod remains a question for the courts to address, it
13  suffices for purposes of this analysis that the Ninth Circuit has
14  consluded that a violation of section 10851(a) is not
15  categorically a generic "theft" offense.

16      Where the statute is overbroad, the adjudicator applies a
17  modified categorical approach "to determine if the record
18  unequivocally establishes that [Respondent] was convicted of the
19  generically defined crime[.]" Martinez-Perez v. Gonzales, 417
20  F.3d 1022,1028 (9th Cir.2005)

21  _____

22      In Gonzales v. Duenas-Alvarez, 127 S.Ct.815 (2007), the U.S. Supreme Court consider section
    10851(a) in the context of (a)(43)(G). However, the Court's decision was strictly limited to the
    issue of whether aiding and abetting generic theft constitutes an (a)(43)(G) aggravated felony.
23  See id. at 822-23 ("the question that we agreed to decide is whether 'theft offense' in the
    federal statute includes aiding and abetting the commission of the offense.")

24      The federal appellate courts have yet to decide whether the post-theft unlawful driving of a
    vehicle in violation of section 10851(a) also renders the statute overinclusive for purposes of
25  generic theft. See People v. Garza (2005) 35 Cal.4th 866,871 (holding that under section 10851(a)
    the "unlawful driving of a vehicle is not a form of theft when the driving occurs or continues
26  after the theft is complete.") Also, the federal courts have yet to decide whether because
    10851(a) 'inclusion joyriding and de minimis deprivations renders it even more overbroad.
27

28

                                    3

1
2
3 **IV. UNDER THE CATEGORICAL APPROACH, DHS HAS NOT MET ITS BURDEN OF**
4     **PROVING THAT RESPONDENT COMMITED A "THEFT" TYPE VIOLATION**
5     **OF 10851(a).**

6     Again the Ninth Circuit decision and the available record in
7 Vidal are directly on point for purposes of the modified
8 categorical approach to be applied here. In Vidal, the only
9 documents in the record were the complaint, the written plea, and
10 waiver of rights form. Vidal at 13649. The charging document
11 submitted in Vidal read, in pertinent part:

12     "[Vidal] did willfully and unlawfully drive and take a
    vehicle...without the consent of and with intent to deprive
13     the owner of title to and possession of said vehicle, in
    violation of Vehicle Code Section 10851(a)."
14

15 Vidal at 1362. The language of that complaint is virtually
16 identical in all relevant parts to the language in Respondent's
17 charging documents (quoted below). The Ninth Circuit in Vidal
18 explained that to identify the conviction as the generic offense
19 "the judgement must contain 'the critical phrase' as charged in
20 the information.'" Id. at 13649-50(internal citations omitted).
21 It went on to indicate that the complaint need not have been
22 formally amended for Vidal to have pled guilty to conduct other
23 than that alleged in the complaint. See id. at 13649. As a
24 result, the court had "no way of knowing what conduct that was
25 not identical to that charged..." See id. In short, the court
26 concluded that the complaint, written plea, and waiver of rights
27 were insufficient to prove that Vidal had commited the generic
28 offense.

4

1   The record of conviction available in Respondent's case is
2 even terser than that submitted in Vidal. Here, the only
3 documents provided as proof of Respondent's section 10851(a)
4 conviction are (1) an abstract of judgement dated JULY 21, 2003
5 and (2) a State of California Board of Parole Hearings "Summary
6 of Revocation Hearing and Decision" document dated FEBRUARY o7,
7 2008.

8   On or about  4- 3-  , 2002, in violation of § 10851(a) of
   the Vehicle Code (UNLAWFUL TAKING OF VEHICLE), a FELONY,
9   GEORGE NIMER MARTHA did unlawfully drive and take
     not his/her own without the consent of the owner and
10   with the intent to temporarily or permanently deprive the
   owner of his/her title to and possession of the vehicle.
11

12 With some slight variations of little significance, the 2002
13 count present case is essentially the same as that articulated in
14 the Vidal complaint. In Vidal, the Ninth Circuit concluded that
15 this type of charging language combined with a written plea were
16 insufficient to prove that Vidal had committed the elements of a
17 generic theft. Here, where the DHS has only submitted a complaint
18 and an abstract of judgement, there is even less evidence in the
19 record than in Vidal to find that Respondent committed the
20 elements of a generic theft.

21   Under the modified categorical approach, the government
22 bears the burden of establishing clearly and unequivocally that
23 the state court conviction was based on all of the elements
24 contained in the generic offense. U.S. v. Navidad-Marcos, 367
25 F.3d 903,908 (9th Cir.2004). The DHS submitted the 2005 Complaint
26 as evidence of the alleged aggravated felony. However, the Ninth
27 Circuit has "repeatedly" held that charging papers alone are
28 never sufficient proof that the defendant was convicted of the

1 | generically defined crime. Vidal at 13651 (emphasis added); see
2 | also Corona-Sanchez, 291 F.3d at 1211; Ruiz-Vidal v. Gonzales,
3 | 473 F.3d at 1072, 1078 (9th Cir.2007); U.S. v. Snellenberger, 493
4 | F.3d 1015, 1019 (9th Cir.2007); U.S. v. Parker, 5 F.3d 1322,1327
5 | (9th Cir.1993). Hence, the complaint does not prove that
6 | Respondent committed a generic theft.

7 | The DHS aslo submitted an abstract of judgement. There is
8 | nothing in the abstract of judgement to suggest that Respondent
9 | was convicted of anything other than an accessory violation of
10 | section 10851(a). Furthermore, even if the abstract of judgement
11 | dod contain some additional information about Respondent's plea,
12 | in Malta-Espinoza, where the record was identical to the one
13 | here, the Ninth Circuit held that an "abstract of judgement"[3]
14 | combined with charging documents failed to prove that
15 | Malta-Espinoza was convicted of the generic crime. See
16 | Malta-Espinoza, 2007 U.S. App.LEXIS 4787 at *6 (9th Cir.2007).
17 | Hence , DHS has not met its burden of producing documents that
18 | would prove that Respondent pled guilty to the elements of the
19 | generic theft.
20 | ///
21 | ///
22 | ///

23 | ___
[3] Also, the Ninth Circuit has discontinued the use of an Abstract of Judgement to prove the
24 | elements of the conviction. In Navidad-Marcos the appellate court wrote;

An abstract of judgement is not the judgement of conviction; it does not control if
25 | different from the trial court's oral judgement and may not add to or modify the judgement
it purports to digest or summarize. Preparation of the abstract of criminal judgement...is
26 | a clerical, not a judicial function...The form simply calls for the identification of the
statute of conviction and the crime,and provides a very small space in which to type the
27 | description. It does not contain information as to the criminal acts to which the defendant
unequivocally admitted in a plea colloquy before the court. Navidad-Marcos,367 F.3d at
28 | 908-09 (emphasis added).

6

### Evading an Officer (Cal. V.C. § 28800.2)

### A. Categorical Approach:

Under 8 U.S.C. § 1101a(43)(F) the term "aggravated felony" means "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year."

The Ninth Circuit which the case at bar arose, has construed 18 U.S.C.§16 as requiring more than negligent conduct. See United States v. Trinidad-Aquino, 259 F. 3d 1140, 1145 (9th Cir. 2001)("[W]e hold that the presence of the volition 'use... against' requirement in both prongs of 18 U.S.C. §16 means that a defendant cannot commit a 'crime of violence' if he negligently--rather than intentionally or recklessly--hits someone or something...."). This, in Trinidad-Aquino the Ninth Circuit held that because California's driving under the influence statute, California Vehicle Code § 23153, can be violated through mere negligence, a violation of the statute was not a "crime of violence" under 18 U.S.C. ;16. Id at 1146.

The United States Supreme Court recently affirmed this reading of 18 U.S.C. §16, holding that a conviction under Florida's drunk driving statute was not a "crime of violence." Leocal v. Ashcroft, 543 U.S. 1, 11-13, 125 S. Ct. 377, 160 L.Ed. 2d 271 (2004). The Court reasoned that "[t]hes key phrase in §16(a)--the use...of physical force against the person or property of another'--most naturally suggests a higher degree of intent than negligent or merely accidental conduct." Id. at 9. Similarly, the Court held that Courts "must give the language in

7

1  § 16 (b) an identical construction, requiring a higher mens rea
2  than the merely accidental or negligent conduct involved in a DUI
3  offense." Id. at 11. The Court concluded that "[i]nterpreting §
4  16 to encompass accidental or negligent conduct would blur the
5  distinction between the 'violent' crimes Congress sought to
6  distinguish for heightened punishment and other crimes." Id.

7  **MODIFIED CATEGORICAL APPROACH:**

8      This Court concluded that Respondent's conviction for
9  evading an Officer was a "crime of violence" under 18 U.S.C. §
10 16(a) and (b), and therefore an "aggravated felony" under 8
11 U.S.C. § 1101 (a)(43)(F), the Court relied on (1) an Abstract of
12 Judgement" showing that Respondent pled guilty to that charge,
13 and (2) a State of California Board of Parole Hearings "Summary
14 of Revocation Hearing and Decision" document dated February 07,
15 2008. The Govrenment did not introduce either Respondent's plea
16 agreement or a transcript of Respondent's plea proceedings into
17 the record. The judicially noticeable documents in the record are
18 insufficient to establish whether Respondent pled guilty to
19 reckless or negligent conduct. The information charging
20 Respondent with the violation contains strictly the generic
21 statutory language from Cal.V.C. § 2800.2(a) which is broader
22 than the generic "crime of violence" under 18 U.S.C. § 16 (a) and
23 (b). Moreover, the "abstract of judgement" which only recites
24 that Respondent pled guilty to the charge,is insufficient to
25 establish that Respondent's conviction is for a reckless conduct
26 constituting a "crime of violence". See U.S. v. Contreras-Salas,
27 387 F.3d 1095, 1098 (9th Cir.2004).

28      Inasmuch as this Court relies on documents that are not

8

1 | judicially noticeable, the Court is in error. See <u>U.S. v. Vidal,</u>
2 | <u>504 F.3d 1072, 1087 n.25 (9th Cir.2007)(en banc)</u> (citing U.S. v.
3 | Franklin, 235 F.3d 1165, 1171 (9th Cir.2000)).

4 |     Hence the Court must conclude that the government did not
5 | met its burden of demonstrating that Respondent's conviction
6 | under California Vehicle Code § 2800.2(a) was a "crime of
7 | violence" under 8 U.S.C. § 1101(a)(43)(F), and Respondent's
8 | removal proceedings must be terminated.

9 | **V.    CONCLUSION**

10 |     Section 10851(a) is not categorically a theft offense
11 | within the meaning of (a)(43)(G). Under the modified categorical
12 | approach, the abstract of judgement and the 2002 Complaint do not
13 | satisfy the government's burden of proving clearly and
14 | unequivocally that Respondent pled to the elements of a generic
15 | "theft". Thus, Respondent respectfully requests that the Court
16 | terminate these removal proceedings.

17 |
18 |
19 | Executed on: MAY 16, 2008           Respectfully submitted
20 |
21 |                                MARTHA, GEORGE NIMER
22 |                                Pro Se Respondent
23 |
24 |
25 |
26 |
27 |
28 |

I, __MARTHA, GEORGE NIMER__   A#___17 796 939____ hereby
certify that on the date indicated below copies of the attached
__Motion to Terminate_____, were delivered to the Honorable
Immigration Court and the Immigration Court Counsel, at Eloy
Detention Center 1705 East Hanna Road Eloy,Arizona 85231 in one
envelope by presenting the envelope to my Housing Counselor /
Unit Manager to be placed into Intra-Facility Mail. AS FOLLOWS:


U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
1705 EAST HANNA ROAD, SUITE 366
ELOY, ARIZONA 85231

-----------------------------------------------------------------

DEPARTMENT OF HOMELAND SECURITY
ASSISTANT DISTRICT COUNSEL
1705 EAST HANNA ROAD
ELOY, ARIZONA   85231


DATE: MAY 16, 2008          SIGNATURE: _____


                            MARTHA, GEORGE NIMER
                            Pro Se Respondent

**U.S. Department of Homeland Security**       Subject ID : 270793227       **Record of Deportable/Inadmissible Alien**

| | | | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| Family Name (CAPS)  First  Middle  **MARTHA, George Nimer** | | | | M | BRO | BRO | MED |

| Country of Citizenship **ISRAEL** | Passport Number and Country of Issue | File Number **Case No:SFR0803001364** A017796939 | Height **68** | Weight **4** | Occupation **WELDER** |
|---|---|---|---|---|---|

| U.S. Address **ICE CUSTODY** | | Scars and Marks **SCAR NECK** | |
|---|---|---|---|

| Date, Place, Time, and Manner of Last Entry **10/26/1967, Unknown Time, NYC, LPR** | Passenger Boarded at | F.B.I. Number **396034TB8** | ☐ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |
|---|---|---|---|

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension **CST 520.3** | |
|---|---|---|

| Date of Birth **06/01/1967**  Age: 40 | Date of Action **03/26/2008** | Location Code **SFR/SFR** | At/Near **SAN QUENTIN** | Date/Hour **03/25/2008** |
|---|---|---|---|---|

| City, Province (State) and Country of Birth **JORDAN, JORDAN, ISRAEL** | AR ☒ | Form (Type and No.) Lifted ☐ Not Lifted ☐ | By **JONATHAN BUGAYONG** | |
|---|---|---|---|---|

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry **Legal Permanent** | Status When Found **IN INSTITUTION** |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. **NOT APPLICABLE** |
|---|---|---|

| Immigration Record **POSITIVE - See Narrative** | Criminal Record **See Narrative** |
|---|---|

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children **1 USC** |
|---|---|

| Father's Name, Nationality, and Address, if Known **Nationality:UNITED STATES MARTHA, Nimer** | Mother's Present and Maiden Names, Nationality, and Address, if Known **Nationality:UNITED STATES KAWASH, Jamileh** |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession **None Claimed** | Fingerprinted? ☒ Yes ☐ No | Systems Checks **See Narrative** | Charge Code Words(s) **R2A3** |
|---|---|---|---|

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary Hr | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS: 10937316                    Left Index fingerprint              Right Index fingerprint



RECORDS CHECKED
----------------
CIS Pos
DACS Pos
TECS Pos

...(CONTINUED ON I-831)

Alien has been advised of communication privileges  _3260  JB_ (Date/Initials)

JONATHAN BUGAYONG
IMMIGRATION ENFORCEMENT AGENT
(Signature and Title of Immigration Officer)

| Distribution | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| 4 FILE | Officer **JONATHAN BUGAYONG** |
| 1 AGENT | on **March 26, 2008** (time) |
| 1 STAT | Disposition **Warrant of Arrest/Notice to Appear** |
| | Examining Officer **JORGE PERRE** |

Form I-213 (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form ___I213___

| Alien's Name | File Number | Date |
|---|---|---|
| MARTHA, George Nimer | A017796939<br>Event No: SFR0803001364 | 03/26/2008 |

Record of Deportable/Excludable Alien:
Subject came to the attention of Immigrations Customs Enforcement Agent Jonathan Bugayong on 3/14/2008, pursuant to his incarceration in the San Quentin State Prison. Subject was arrested on 1/25/2008, for the following charges:

3056 PC-VIOLATION OF PAROLE: FELONY

Subject is a 40-year old male, a citizen and national of ISRAEL, who last entered the United States on or around 10/26/1967, at NEW YORK CITY, NEW YORK, and was admitted by an Immigration Officer as a Legal Permanent Resident.

Subject was released into ICE custody on 3/26/2008. CIS record searches revealed prior encounters.

Subject's biographical information and fingerprints were entered into IDENT, revealing prior encounters.

Subject was ordered removed on 2/12/1999. A BIA decision on 7/31/2001 granted his relief (see BIA paperwork).

Subject was convicted of 10851(A) on 9/6/2002.

Subject can be identified by the following:
FBI: 545070FA2
A#: 17796939
SID: 8310586

Subject DID NOT claim any pending applications or petitions before the Department of Homeland Security.

Subject DID NOT express fear in returning to his country of citizenship.

Subject claims to be on numerous medications and claims to be hypoglycemic.

Subject has been notified of his consular rights, and has been provided with a list of legal services.

Subject will be processed as an NTA/WA and was provided a copy of such.

| Signature | | Title | |
|---|---|---|---|
| JONATHAN BUGAYONG | | | IMMIGRATION ENFORCEMENT AGENT |

___2___ of ___2___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed
this ____5 - 29 - 08_____ (month, day, year) to:

#1
  Ms. Cynthia M Parsons
  Two Renaissance Square
  X  40 North Central Ave. Suite 1200
  Phoenix, AZ 85004-4408

#2
  Warden
  Corrections Corporation of America
  X  1705 E. Hanna Road
  Eloy, AZ 85231

#3
  Ms. Katrina S. Kane, Field Office Director
  U.S. Department of Homeland Security
  J  Bureau of Immigration and Customs Enforcement
  2035 North Central Avenue
  Phoenix, AZ 85004

#4
  X  Deportation Officer
  1705 E. Hanna Road
  Eloy, AZ 85231

(Signature)

#5  Immigration Judge
  Eloy Detention center
  1705 EAST Hanna RD
  Eloy. AZ. 85231

#6  U.S Government Attorney
  1705 - E. Hanna RD
  Eloy AZ 85231

#7  US. Northern District
  Court
  450 Golden Gate Ave
  SF CA. 94103
  Case # CV-08-1982

#8  U.S. District Court
  Clerk
  U.S court house
  Suite 1500
  405 W. Congress St
  Tucson, AZ
  85701-5010

George Tipton #17170157
Ecoy Detention Center
1705 EAST Hanna Road
Eloy, AZ. 85231

RECEIVED

JUN 9 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

US Northern District Court
450 Golden Gate Ave
San Francisco Ca 94103

MAY 30 2008



7-05-8